[No. 9250-6-II.   Division Two.   May 27, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. DARRELL L. PENTLAND, *Respondent.*

*Gary P. Burleson, Prosecuting Attorney,* and *Victoria C. Meadows, Deputy,* for appellant.

*Toni A. Sheldon* and *Wilson–Hoss, Sheldon & Hoss,* for respondent (appointed counsel for appeal).

WORSWICK, C.J.—After being transferred to adult status by the juvenile court, Darrell Pentland was convicted of first degree rape and sentenced to 51 months' confinement. The State appeals, contending that the sentence was below the minimum required. Pentland cross–appeals, contending that the juvenile court improperly declined jurisdiction, and that the trial court erred in refusing to suppress his confession. We affirm the conviction, reverse the sentence, and remand for resentencing.

On October 22, 1984, Pentland, then 16, accosted the victim as she walked home from work. He pushed her into the bushes at the side of the road. When she picked herself up, he pushed her down again. He then pointed a knife at her throat and forced her to walk into a brushy area. He made her remove her pants, and then raped her.

In due course, Pentland was apprehended and ques-

tioned. He confessed and also surrendered the knife. After the juvenile court declined jurisdiction, CrR 3.5 and 3.6 hearings resulted in rulings allowing the confession into evidence. Having waived a jury, Pentland was convicted after a bench trial.

■ Pentland's first contention—that the juvenile court improperly declined jurisdiction—is based on his assertion that, on balance, the *Kent* standards tended to favor retention of juvenile court jurisdiction. *Kent v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966); *see also State v. Holland,* 98 Wn.2d 507, 656 P.2d 1056 (1983). We disagree. Our review of the record as measured by the *Kent* standards satisfies us that jurisdiction was properly declined. Extended discussion is unnecessary for two additional reasons: (1) Pentland is now 18, the juvenile court no longer has jurisdiction (*see* RCW 13.04.011(1); RCW 13.40.020(1); *State v. Calderon,* 102 Wn.2d 348, 684 P.2d 1293 (1984)); and (2) counsel advise us that he has been evaluated and found not amenable for treatment as a sexual psychopath. The latter fact virtually destroys any persuasiveness his contention might have otherwise. Pentland's strongest argument concerning the *Kent* standards is that the juvenile court gave inadequate consideration to the "rehabilitation" or "treatment" standard. *See State v. Toomey,* 38 Wn. App. 831, 835, 690 P.2d 1175, *review denied,* 103 Wn.2d 1012, *cert. denied,* 471 U.S. 1067, 85 L. Ed. 2d 501, 105 S. Ct. 2145 (1985). One who has been found not amenable for treatment as a sexual psychopath can hardly expect to convince us that he should have been "treated" in a juvenile institution.

Pentland's argument concerning his confession is also without merit. Although he attacks the trial court's ruling, he does not challenge the factual findings supporting it. They are now verities. *State v. Christian,* 95 Wn.2d 655, 628 P.2d 806 (1981). Pentland asserts that his confession was inadmissible because it was made without his father's presence. He then concedes that his father's presence was not required, citing *Dutil v. State,* 93 Wn.2d 84, 606 P.2d

269 (1980). He acknowledges that a totality of the circumstances test applies, citing *State v. Jones,* 95 Wn.2d 616, 628 P.2d 472 (1981). He then attempts to argue the facts. The argument is foreclosed by the unchallenged findings.[1]

In support of its position on sentencing, the State points out that Pentland's presumptive basic minimum sentence was 51 months, that enhancement of 24 months was required because of the trial court's deadly weapon finding, and that all of this is very explicitly laid out in RCW 9.94A.310. Nevertheless, the trial court imposed only a 51–month sentence. Pentland counters by arguing that the rule of lenity and double jeopardy principles required the shorter sentence. We agree with the State.

■ The rule of lenity operates in the absence of clear evidence of legislative intent. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978). It applies only if the statute is ambiguous. *State v. Woods,* 34 Wn. App. 750, 665 P.2d 895 (1983). It does not apply here. The Legislature's intent is expressed with unusual clarity in RCW 9.94A.310.[2]

■ Pentland also argues that the enhancement would impose a double punishment for the same offense, thus violating the double jeopardy clause. This is not so. With reference to enhanced sentences, the double jeopardy clause does no more than prevent greater punishment for a single offense than the Legislature intended. *Missouri v. Hunter,* 459 U.S. 359, 74 L. Ed. 2d 535, 542, 103 S. Ct. 673 (1983);

---

[1]Two of the findings are dispositive:

"III

"Said statements were given after the defendant's Miranda warnings were given to him by Detective Mattson and after the defendant waived those rights.

"IV

"Said statements given to Detective Mattson were a [*sic*] knowing, voluntary and intelligent statement and given only after the defendant knowingly, voluntarily and intelligently waived his rights."

[2]An argument similar to Pentland's as to the uncertainty of legislative intent was rejected in *State v. Adlington–Kelly,* 95 Wn.2d 917, 631 P.2d 954 (1981). The legislative response to *Workman,* and decisions following that response, are also illuminating. *See* Laws of 1981, ch. 258, § 1; *State v. Harris,* 102 Wn.2d 148, 685 P.2d 584 (1984); *State v. Claborn,* 95 Wn.2d 629, 637, 628 P.2d 467 (1981).

*State v. Woods, supra.* Inasmuch as the legislative intent is clear, the double jeopardy clause does not help Pentland.

Conviction affirmed. Sentence reversed. Remanded for resentencing.

REED and PETRICH, JJ., concur.

Review denied by Supreme Court September 2, 1986.