[No. 8966–1–II.  Division Two.  October 21, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. JOE M. DATIN, *Respondent.*

*C. Danny Clem, Prosecuting Attorney,* and *Patrice E. Vlaming, Deputy,* for appellant.

*John H. McGilliard* and *Crawford, McGilliard, Peterson & Yelish,* for respondent.

REED, A.C.J.—The sole issue in this case is whether the defendant should have been charged with first degree incest instead of first degree statutory rape where the victim is his 10–year–old stepdaughter. We reverse and remand for trial.

In May of 1985, the defendant was charged with first degree statutory rape, a violation of RCW 9A.44.070(2). The charge arose out of alleged sexual contact with his 10–

year–old stepdaughter. There is no dispute that the facts alleged, if proven at trial, would be sufficient to find the defendant guilty of either first degree statutory rape, a class A felony, or first degree incest, RCW 9A.64.020(1), a class B felony.

The defendant moved to dismiss the charge, arguing that he should have been charged with incest. The trial court granted the defendant's motion, stating that under the rule of lenity the State was required to charge the crime with the less severe penalty provisions, *i.e.*, incest. The State appeals.

█ The rule of lenity does not apply when the question is of prosecutorial discretion to charge under equally pertaining criminal statutes. The rule of lenity is properly applied in construing an ambiguous criminal statute, requiring the interpretation most favorable to the defendant. *State v. Welty,* 44 Wn. App. 281, 726 P.2d 472 (1986). The rule of lenity operates in the absence of clear evidence of legislative intent. It applies only if the statute is ambiguous. *State v. Pentland,* 43 Wn. App. 808, 719 P.2d 605 (1986).

Here, the same conduct violates different statutes, which are not ambiguous but have varying penalty provisions. In this situation the courts of this state have developed rules to determine legislative intent and to safeguard adequately criminal defendants from unfettered prosecutorial discretion. The rule of lenity does not enter into this analysis.

Because a charge of statutory rape in this case violates neither the general/special rule of statutory construction nor the defendant's right to equal protection, the charge should not have been dismissed.

█ Where a special statute punishes the same conduct that is punished under a general statute, the special statute applies and the accused can be charged only under that statute. *State v. Shriner,* 101 Wn.2d 576, 681 P.2d 237 (1984). Courts will assume in such a case that the Legislature intended that the specific crime be charged where the defendant's conduct violates both the specific and the more

general statutes. This rule of construction applies only where the statutes are concurrent, that is, where the general statute will be violated in each instance where the special statute has been violated. *Shriner,* 101 Wn.2d at 580.

First degree incest and first degree statutory rape are not concurrent, as neither statute will necessarily be violated each time the other is violated. Therefore, as we have no other indication of legislative intent, we cannot conclude that the Legislature intended that only incest be charged.

■ Where there is unfettered prosecutorial discretion to charge the same conduct under different statutes with varying penalties an equal protection issue arises. *In re Taylor,* 105 Wn.2d 67, 711 P.2d 345 (1985), citing *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970). However, there is no equal protection violation when the crimes the prosecutor has discretion to charge require proof of different elements. *In re Taylor,* 105 Wn.2d at 68. We agree with the analysis in *State v. Brune,* 45 Wn. App. 354, 725 P.2d 454 (1986), holding that failure to charge incest as opposed to statutory rape does not violate equal protection. The prosecutor's decision to charge statutory rape was not based on his unfettered discretion, but on his ability to prove the additional elements of statutory rape. Datin was not denied equal protection.

So long as equal protection is not denied, and so long as there is no indication of legislative intent to charge one crime as opposed to the other, the prosecutor may charge any crime the elements of which he can prove. *State v. Hodgson,* 44 Wn. App. 592, 722 P.2d 1336 (1986) also is dispositive on these issues.

We reverse and remand for trial on a charge of first degree statutory rape.

PETRICH and ALEXANDER, JJ., concur.