[No. 8694-8-II.  Division Two.  March 25, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT M. CALDWELL, *Appellant.*

---

[1]The determination does have an impact on the retired person's federal income tax status.

318

*John F. Hayden, Public Defender,* for appellant.

*David H. Bruneau, Prosecuting Attorney,* and *James R. Hickman, Deputy,* for respondent.

ALEXANDER, A.C.J.—Robert M. Caldwell appeals a sentence imposed for his conviction of first degree burglary. Caldwell contends on appeal that the trial court's imposition of an enhanced sentence for his possession of a deadly weapon during the commission of the offense violates (1) the double jeopardy provisions of the state and federal constitutions, and (2) his right to equal protection of the law. We disagree and affirm the sentence.

Caldwell was charged with first degree burglary in Clallam County Superior Court under RCW 9A.52.020(1)(a). The information contained the allegation that Caldwell entered the dwelling of another with intent to commit malicious mischief or assault and that he was armed with a deadly weapon, "to–wit: a .22 caliber rifle . . ."

A jury found Caldwell guilty as charged, and in addition, it made a special finding, pursuant to RCW 9.94A.125,[1]

---

[1]RCW 9.94A.125 provides:

"In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime.

"For purposes of this section, a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death. The following instruments are included in the term deadly weapon: . . . any . . . pistol, revolver, or any other firearm, . . ."

that Caldwell was armed with a deadly weapon at the time he committed the burglary. The trial judge sentenced Caldwell to 30 months imprisonment for the burglary, and, pursuant to former RCW 9.94A.310,[2] he imposed an additional 18 months' imprisonment based on the jury's deadly weapon finding.

### DOUBLE JEOPARDY

Caldwell first argues that imposition of an additional 18–month sentence under the sentence enhancement statute, RCW 9.94A.310, violates the double jeopardy clauses of article 1, section 9 of the Washington State Constitution and the fifth amendment to the United States Constitution.

In *State v. Pentland*, 43 Wn. App. 808, 719 P.2d 605 (1986), we rejected an identical argument. Pentland was charged with first degree rape. First degree rape, like first degree robbery, may be committed in alternative ways. It was alleged that Pentland committed first degree rape because of his use of a deadly weapon. RCW 9A.44-.040(1)(a). Pentland was found guilty of first degree rape after a bench trial. The trial judge also made a special finding that Pentland was armed with a deadly weapon during the offense. Based on that finding and pursuant to former RCW 9.94A.310, the trial court added 24 months to Pentland's presumptive sentence.

In rejecting Pentland's argument that he was placed in jeopardy twice for the same crime, we said:

> the double jeopardy clause does no more than prevent greater punishment for a single offense than the Legislature intended. . . . Inasmuch as the legislative intent is clear, the double jeopardy clause does not help Pentland.

*Pentland*, 43 Wn. App. at 811–12 (citing *Missouri v. Hunter*, 459 U.S. 359, 74 L. Ed. 2d 535, 542, 103 S. Ct. 673

---

[2]At the time the trial court sentenced Caldwell, RCW 9.94A.310 provided, in pertinent part:

"Additional time added to the presumptive sentence if the offender or an accomplice was armed with a deadly weapon as defined in this chapter:

"24 months (Rape 1, Robbery 1, Kidnaping 1)

"18 months (Burglary 1) . . ."

(1983)).

■ We reiterate here that the Legislature has clearly expressed its intent in RCW 9.94A.310 that a person who commits certain crimes while armed with a deadly weapon will receive an enhanced sentence, notwithstanding the fact that being armed with a deadly weapon was an element of the offense. We see no reason to depart from the views we expressed in *State v. Pentland.*

## EQUAL PROTECTION

Caldwell additionally asserts that the deadly weapon enhancement provisions of RCW 9.94A.125 violate the equal protection clause of the Washington Constitution, article 1, section 12, and the fourteenth amendment to the United States Constitution, because the prosecutor is vested "with total discretion to seek varying degrees of punishment."

■ We reject Caldwell's equal protection argument. It is well settled that the equal protection provisions of the state and federal constitutions are not violated in cases in which statutes authorize varying punishments for the same criminal act. *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978); *State v. Edwards,* 17 Wn. App. 355, 563 P.2d 212 (1977). Denial of equal protection is found only where prosecution is permitted for the same criminal act under different criminal classifications, *i.e.,* felony or misdemeanor. *State v. Edwards, supra.*

Here, Caldwell was charged with one felony, burglary in the first degree. He was found guilty of that offense, and he was also found to have been armed with a deadly weapon when committing the offense. The fact that the special finding serves to enhance his sentence does not violate equal protection.

We do not mean to suggest, however, that a prosecutor may arbitrarily engage in selective enforcement of the sentence enhancement provisions on unjustifiable standards.

Such activity might constitute an equal protection violation. Here, however, there is no suggestion that Caldwell was the victim of such selective enforcement of the law.

We are aware of the recent decision by Division One of this court in *State v. Hansen,* 46 Wn. App. 292, 730 P.2d 706 (1986), which appears to be contrary to the result we have reached in this case. In *Hansen,* the court held that when a crime necessarily requires proof of use of a deadly weapon as an element of the offense, a sentence enhancement statute cannot be used to increase the penalty. The court cited as support for its decision *State v. Gross,* 23 Wn. App. 319, 325–26, 597 P.2d 894 (1979), also a Division One case, which in turn relies on *State v. Workman, supra.*

A close reading of *Workman,* however, reveals that the court rejected an equal protection argument. The court in *Workman,* at 454, merely held that principles of statutory construction and application of the rule of lenity led it to conclude that "in the absence of clear legislative intent to the contrary" a sentence cannot be enhanced by a firearm finding when the use of the firearm is an element of the charged crime. In *Workman* the court was analyzing this state's former statutory scheme for enhancing sentences for firearm usage.

As we have indicated above, we believe that the Legislature clearly expressed its intent that in RCW 9.94A.310 an additional penalty may be added for the deadly weapon even though the use of that weapon is an element of the offense charged. In other words, a crime that may be committed in different ways may be punished in different ways. In the case of first degree burglary, if the judge or jury finds that the burglar used a deadly weapon, the sentence may be harsher than if the burglary was committed another way, without a deadly weapon.[3]

---

[3]First degree burglary may also be committed if a person enters or remains unlawfully in a dwelling of another with the requisite criminal intent and assaults another in the process. RCW 9A.52.020(1)(b).

We affirm.

PETRICH and WORSWICK, JJ., concur.

Review denied by Supreme Court June 2, 1987.