[No. 11785-1-II.   Division Two.   August 11, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. DEWAYNE KENNEY, *Appellant.*

*Craddock D. Verser,* for appellant (appointed counsel for appeal).

*John F. Raymond, Prosecuting Attorney,* and *Steven L. Olsen, Deputy,* for respondent.

REED, C.J.—Dewayne Kenney appeals his sentence following a conviction in Jefferson County Superior Court for second degree escape. At issue is the court's calculation of the applicable standard range sentence. This appeal was argued pursuant to a motion for accelerated review, RAP

18.15, and was referred to a panel of judges by the Commissioner.

The sentencing court calculated the standard range as 17 to 22 months, based on an offender score of 5. Defendant, invoking the rule of lenity, argues that the score is really 1, which would yield a standard range of 3 to 8 months and require resentencing.

The problem arises from the fact that two sections of the sentencing reform act are inconsistent. Former RCW 9.94A.330, which contains the offender score matrix devised by the sentencing guidelines commission, lists only prior convictions for escape as criminal history for purposes of computing the offender score and, consequently, the standard range applicable to a present sentence for escape. This policy *was* reflected elsewhere in the act. RCW 9.94A.360(6) formerly provided that only prior escape convictions could be counted in computing the offender score for a present conviction of escape. In 1987, however, the Legislature amended this provision to require counting any "adult prior convictions as one point" if the present conviction is for escape 2. Laws of 1987, ch. 456, § 4 (now codified as RCW 9.94A.360(15)). The Legislature did not, however, in thus amending the statute, also change the matrix contained in former RCW 9.94A.330. Hence, the conflict.

Defendant had five prior felonies, on which the court relied to compute an offender score of 5. If the court could have counted only his prior escape, then the offender score would have been 1.

The rule of lenity was first identified and applied in this state in *State v. Workman,* 90 Wn.2d 443, 454, 484 P.2d 382 (1978). It is a principle of statutory construction: Whenever a criminal statute is ambiguous, and absent clear legislative intent to the contrary, this court must construe the statute most favorably to the defendant. *State v. Welty,* 44 Wn. App. 281, 726 P.2d 472, *review denied,* 107 Wn.2d 1002 (1986); *State v. Pentland,* 43 Wn. App. 808, 719 P.2d 605, *review denied,* 106 Wn.2d 1016 (1986).

■ The State argues, on the other hand, that the Legislature repealed the conflicting matrix section by implication when it changed the text of former RCW 9.94A.360 concerning how the offender score was to be computed for the crime of escape. The State's position is persuasive. A material change in a statute indicates a change in legislative intent. *Bauman v. Crawford,* 104 Wn.2d 241, 704 P.2d 1181 (1985). The legislative intent in amending former RCW 9.94A.360(6) is clear: The Legislature wanted to change the law so that courts would no longer count only prior escapes, but all felony convictions in computing the offender score for a present escape. Interestingly, the Legislature expressly retained the former policy of counting only prior escapes when the present conviction is for failure to return from work release or furlough. *Compare* RCW 9.94A.360(14) *with* former RCW 9.94A.360(6). No ambiguity exists regarding the Legislature's intent.

■■ Absurd results are to be avoided in interpreting criminal statutes. *State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985). It would be absurd to conclude that the Legislature's apparently inadvertent failure to correct the scoring matrix to conform to the statutory amendment somehow nullifies that amendment. The matrix is supposed to summarize and comport with the statutory text concerning computation of the offender score. RCW 9.94A.360. Surely, if the scoring matrix contained a printing mistake that conflicted with the statutory text, the mistake would be disregarded. *See State v. Burke,* 92 Wn.2d 474, 598 P.2d 395 (1979). Similarly, the matrix should be disregarded insofar as it has become obsolete. The Legislature must be deemed to have repealed the matrix when it changed the text for scoring escape sentences. *See State v. Wilson,* 39 Wn. App. 883, 696 P.2d 605 (1985).[1]

---

[1]The most recent session of the Legislature resulted in the explicit repeal of the matrix for crimes committed after July 1, 1988. Laws of 1988, ch. 157, § 6.

196

We affirm the sentence. The other issue on appeal, credit for time served, should be presented by personal restraint petition. The issue is dismissed from this appeal, without prejudice.

PETRICH and ALEXANDER, JJ., concur.