[No. 10269-6-III.   Division Three.   October 9, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. TYRONE BLAINE HORTON, *Appellant.*

*Ronald B. Webster* and *Hickman, Webster, Ensley & Carpenter,* for appellant (appointed counsel for appeal).

*James H. Kaufman, Prosecuting Attorney,* for respondent.

SHIELDS, J.—Tyrone Horton pleaded guilty to second degree assault. He received a sentence within the standard range, plus a 12–month enhancement for being armed with a deadly weapon. He appeals the enhancement of his sentence; we affirm.

On August 21, 1988, Mr. Horton cut the throat of Humberto J. Reyna with a broken beer bottle. He was charged with first degree assault, to which he pleaded not guilty. After 4 days of trial, he agreed to plead guilty to a reduced

charge of second degree assault, RCW 9A.36.021(1)(c). The amended information provided:

> That . . . Tyrone Blaine Horton on [August 21, 1988 in Whitman County] did . . . intentionally assault another, Humberto Jay Reyna, with a deadly weapon and while armed therewith; contrary to . . . R.C.W. 9A.36.021(1)(c)[1] and R.C.W. 9.94A.125,[2] and R.C.W. 9.94A.310[3] and against the peace and dignity of the State of Washington.

Although Mr. Horton pleaded guilty to the charge, he reserved the right to challenge the applicability of RCW 9.94A.310(3)(c) (the deadly weapon enhancement provision) to his sentencing. The court determined the deadly weapon enhancement provision was applicable to Mr. Horton's case, and issued its findings and conclusions accordingly.

The sole question on review is whether RCW 9.94A-.310(3)(c) was applicable to RCW 9A.36.021(1)(c) at the time Mr. Horton committed the crime. Mr. Horton contends RCW 9.94A.310(3)(c), as it existed at the time of his commission of the offense, referred only to "Assault 2 (RCW 9A.36.020)" and made no reference to RCW 9A.36-.021. He claims the Legislature must have been aware of the existence of RCW 9A.36.021 at the time of the 1988 amendment to the enhancement statute, and made a conscious choice not to apply the deadly weapon enhancement

---

[1]RCW 9A.36.021, which became effective July 1, 1988, reads in pertinent part:

"(1) A person is guilty of assault in the second degree if he . . .

" . . . .

"(c) Assaults another with a deadly weapon;"

[2]RCW 9.94A.125 defines deadly weapon as "an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce or may easily and readily produce death."

[3]RCW 9.94A.310(3), as it read in 1988 when Mr. Horton committed the crime, provided in pertinent part: "If the offender . . . was armed with a deadly weapon . . ., the following times shall be added to the presumptive range . . .:

" . . . .

"(c) 12 months for Assault 2 (RCW 9A.36.020) . . .".

Effective May 7, 1989, RCW 9.94A.310(3) was changed by Laws of 1989, ch. 124, § 1, to read in pertinent part:

"(c) 12 months for Assault 2 (RCW 9A.36.020 or 9A.36.021) . . .". (Italics ours.)

provision to RCW 9A.36.021, presumably because under the new second degree assault statute being armed with a deadly weapon is an element of the crime.[4] He argues an ambiguity exists as to whether the Legislature meant to enhance the penalty for assault in the second degree pursuant to RCW 9A.36.021, if the offender possessed a deadly weapon. He contends under the "rule of lenity," when an ambiguity exists in a statute, all inferences should be drawn in favor of the defendant. *See State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978); *State v. Welty,* 44 Wn. App. 281, 726 P.2d 472, *review denied,* 107 Wn.2d 1002 (1986).

Although RCW 9.94A.310(3)(c) was amended in 1988, no change was made to the statutory citation for assault 2. The 1988 amendment occurred *prior to* the effective date of repeal of RCW 9A.36.020 and its replacement with an amended second degree assault statute, codified as RCW 9A.36.021, which was enacted in 1986, amended in 1987 and 1988, and became effective July 1, 1988. Therefore, when RCW 9.94A.310(3)(c) was amended July 1, 1988, RCW 9A.36.020 was the only second degree assault statute in existence. On July 1, 1988, RCW 9A.36.021 became the only second degree assault statute in existence. It is therefore reasonable to assume the Legislature intended RCW 9.94A.310(3)(c), as it related to second degree assault, to likewise pertain to RCW 9A.36.021, the only second degree assault statute under which Mr. Horton could be charged at

---

[4] The prior second degree assault statute, RCW 9A.36.020, read in pertinent part:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

". . . .

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; . . .".

This statute was repealed effective July 1, 1988, when the new statute on second degree assault, RCW 9A.36.021, became effective. The new statute reads in pertinent part:

"(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

". . . .

"(c) Assaults another with a deadly weapon;"

the time he committed his crime. This assumption is consistent with the statutory rule of construction, RCW 1.12-.028, which provides:

> If a statute refers to another statute of this state, the reference includes any amendments to the referenced statute unless a contrary intent is clearly expressed.

■ Further, another statutory rule of construction, RCW 1.12.020, provides:

> The provisions of a statute, so far as they are substantially the same as those of a statute existing at the time of their enactment, must be construed as continuations thereof.

The present second degree assault statute, RCW 9A.36-.021(1)(c), is substantially the same as the former second degree assault statute, RCW 9A.36.020(1)(c). Both subsections deal with the subject of assaults with a weapon, and both require reference to RCW 9.94A.125 for the definition of a deadly weapon. RCW 9A.36.021, as it relates to assault with a weapon, is therefore a continuation or amendment of the former second degree assault statute. Under RCW 1.12.028, the reference in RCW 9.94A.310(3)(c) to RCW 9A.36.020 would include RCW 9A.36.021 on its effective date without further legislative action.

■ Nevertheless, in 1989, the Legislature amended RCW 9.94A.310(3)(c) to read "Assault 2 (RCW 9A.36.020 *or RCW 9A.36.021*)". (Italics ours.) Although a legislative enactment is presumed to be an amendment, operating prospectively, rather than a clarification of existing law, "[t]his presumption may be rebutted if surrounding circumstances indicate that the legislature intended merely to interpret an original act . . .". *Johnson v. Morris,* 87 Wn.2d 922, 926, 557 P.2d 1299 (1976). The 1989 change to RCW 9.94A.310(3)(c) is wholly consistent with RCW 1.12. The circumstances surrounding its enactment were the multiple changes which occurred in three preceding legislative sessions addressing both RCW 9A.36 and 9.94A. This rebuts the presumption. The scope of the subject matter of RCW 9.94A.310(3)(c) was not changed; it remained a special provision for enhancement of a second degree assault offense involving

use of a weapon. The parenthetical reference to RCW 9A.36.020 after the words "Assault 2" became ambiguous when RCW 9A.36.021 became effective. The 1989 enactment is a clarification of the ongoing legislative intent to enhance the sentence of those convicted of any second degree assault with a weapon. This legislative enactment was not in response to a prior judicial interpretation to the contrary. Since it does not contravene a prior court interpretation of RCW 9.94A.310(3)(c), the legislative enactment is not an amendment, but a clarification which may be applied retroactively. *See Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 614–16, 694 P.2d 697 (1985); *see also State v. Dunaway*, 109 Wn.2d 207, 216 n.6, 743 P.2d 1237, 749 P.2d 160 (1987); *Overton v. Economic Assistance Auth.*, 96 Wn.2d 552, 558, 637 P.2d 652 (1981).

■ The *Workman* "rule of lenity" is inapplicable. At page 454, the *Workman* court stated:

Referring to the policy of the court not to interpret a criminal statute so as to increase the penalty imposed, *absent clear evidence of legislative intent to do so,* the court held this "rule of lenity" would preclude construing the statutes so as to allow enhanced penalties under both.

(Italics ours.) Here, based upon the compilation of the enactments, the Legislature intended the enhancement statute to apply to second degree assault with a weapon. The omission of RCW 9A.36.021 from the wording of RCW 9.94A.310(3)(c) in 1988 for an 11–month period until 1989 does not change what appears to have been an ongoing legislative intent in that regard.[5]

Further, application of the rule of lenity should be avoided if the result would be unreasonable and absurd. *State v. Kenney*, 52 Wn. App. 193, 758 P.2d 989 (1988);

---

[5]The presence of a clear legislative intent, as evidenced by the clarifying statute, distinguishes this case from *State v. Danforth*, 56 Wn. App. 133, 782 P.2d 1091 (1989); *State v. Kern*, 55 Wn. App. 803, 780 P.2d 916 (1989), *review denied*, 114 Wn.2d 1003 (1990); and *State v. Enloe*, 47 Wn. App. 165, 734 P.2d 520 (1987) cited by Mr. Horton.

418

*State v. Hartley,* 41 Wn. App. 669, 705 P.2d 821, *review denied,* 104 Wn.2d 1028 (1985). Application of the rule in this case would have such a result. In view of RCW 1.12.020 and .028, it is unreasonable to assume the Legislature intended to abrogate for 11 months the deadly weapon enhancement for all assaults involving use of a weapon. Thus, under *Workman,* it is immaterial that being armed with a deadly weapon is an element of the offense of second degree assault; the enhancement statute can still pertain. *See State v. Caldwell,* 47 Wn. App. 317, 320, 734 P.2d 542, *review denied,* 108 Wn.2d 1018 (1987); *State v. Pentland,* 43 Wn. App. 808, 719 P.2d 605, *review denied,* 106 Wn.2d 1016 (1986).

The court's conclusion RCW 9.94A.310(3)(c) applied to RCW 9A.36.021(1)(c) at the time Mr. Horton committed the crime is correct. The enhanced sentence is affirmed.

GREEN, A.C.J., and THOMPSON, J., concur.

Review denied at 116 Wn.2d 1017 (1991).