[No. 51101-7-I.  Division One.  August 18, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. MITCHELL W. HUESTED, *Appellant*.

---

[57] RCW 26.10.080.

*Jason B. Saunders* and *Sharon J. Blackford* (of *Washington Appellate Project*), for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Rebecca J. Quirk* and *Seth Aaron Fine, Deputies,* for respondent.

BECKER, C.J. — Appellant Mitchell W. Huested was convicted of committing first degree rape and first degree burglary

while armed with a knife. We hold the imposition of two deadly weapon enhancements—one for each offense—did not violate double jeopardy.

The jury found that Huested was armed with a deadly weapon during the commission of both crimes. The trial court imposed a standard range sentence. The court then imposed two deadly weapon enhancements of 24 months each and ordered that they be served consecutively. Huested argues that the two deadly weapon enhancements violate double jeopardy because he is being punished twice for a "single act of possession" of a deadly weapon.

█ Review of a double jeopardy claim requires this court to determine whether the legislature intended to authorize multiple punishments for criminal conduct that violates more than one criminal statute. *State v. Calle*, 125 Wn.2d 769, 772, 888 P.2d 155 (1995).

█ The deadly weapon enhancement statute at issue is RCW 9.94A.510. It mandates that a weapon enhancement "shall run consecutively" to all other sentencing provisions, including other enhancements. The statute specifically recognizes there will be more than one enhancement where there is more than one eligible offense:

> The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a deadly weapon other than a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any deadly weapon enhancements based on the classification of the completed felony crime. *If the offender is being sentenced for more than one offense, the deadly weapon enhancement or enhancements* must be added to the total period of confinement for all offenses, regardless of which underlying offense is subject to a deadly weapon enhancement. . . .
>
> . . . .
>
> (e) Notwithstanding any other provision of law, all deadly weapon enhancements under this section are mandatory, shall be served in total confinement, and shall run consecutively to

all other sentencing provisions, *including other firearm or deadly weapon enhancements*, for all offenses sentenced under this chapter. However, whether or not a mandatory minimum term has expired, an offender serving a sentence under this subsection may be granted an extraordinary medical placement when authorized under RCW 9.94A.728(4).

RCW 9.94A.510(4) (emphasis added). This statute unambiguously shows legislative intent to impose two enhancements based on a single act of possessing a weapon, where there are two offenses eligible for an enhancement.

■ Washington courts have repeatedly rejected arguments that weapon enhancements violate double jeopardy. In *State v. Claborn*, 95 Wn.2d 629, 628 P.2d 467 (1981), the defendant received separate weapon enhancements for burglary and theft convictions arising from the same event. Claborn argued that separate enhancements for the "single act" of being armed with a deadly weapon during the burglary and theft violated double jeopardy. Noting that burglary and theft have separate elements and that the enhancement statutes did not themselves create criminal offenses, the *Claborn* court held that the enhancements did not create multiple punishments for the same offense. *Claborn*, 95 Wn.2d at 636-37.

Our courts have also rejected double jeopardy challenges to deadly weapon enhancements where the use of a deadly weapon was an element of the crime charged. *See State v. Harris*, 102 Wn.2d 148, 160, 685 P.2d 584 (1984), *overruled on other grounds by State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988); *State v. Caldwell*, 47 Wn. App. 317, 319, 734 P.2d 542, *review denied*, 108 Wn.2d 1018 (1987); *State v. Pentland*, 43 Wn. App. 808, 811, 719 P.2d 605, *review denied*, 106 Wn.2d 1016 (1986). In those cases, the courts emphasized that, for purposes of sentence enhancements, " 'the double jeopardy clause does no more than prevent greater punishment for a single offense than the Legislature intended.' " *Caldwell*, 47 Wn. App. at 319 (quoting *Pentland*, 43 Wn. App. at 811). The *Caldwell* court concluded that "the Legislature has clearly expressed its intent

in RCW 9.94A.310 that a person who commits certain crimes while armed with a deadly weapon will receive an enhanced sentence, notwithstanding the fact that being armed with a deadly weapon was an element of the offense." *Caldwell*, 47 Wn. App. at 320.

The statute applicable to this case is likewise unambiguous: an enhancement must be imposed for each qualifying crime committed with a deadly weapon. No exceptions are contemplated. The enhancements imposed in this case did not violate the double jeopardy clause. The sentence is affirmed.

The remainder of this opinion, in which we affirm the conviction against a challenge to the admissibility of certain evidence, has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

GROSSE and COX, JJ., concur.

Review denied at 151 Wn.2d 1014 (2004).