142 P.3d 1117 (2006)
STATE of Washington, Respondent,
v.
Truong V. NGUYEN, a/k/a Khanh Tran, Appellant.
No. 55443-3-I.
Court of Appeals of Washington, Division 1.
September 11, 2006.
Thomas Kummerow, David Donnan, Washington Appellate Project, Seattle, WA, for Appellant.
Adrienne McCoy, King County Pros. Atty, Lee Yates, Seattle, WA, for Respondent.
ELLINGTON J.
¶ 1 Troung Nguyen participated in three home invasion robberies. He was convicted of multiple counts of burglary, robbery and assault. He contends that under Blakely v. Washington,[1] imposition of multiple firearm enhancements violated double jeopardy, and that, in any event, the court had no authority to impose them pursuant to State v. Recuenco.[2] He also argues that collection of his DNA constituted an unreasonable search and seizure. We reject these arguments, as well as several arguments Nguyen makes pro se, and affirm.

FACTS
¶ 2 During the fall of 2003, Troung Nguyen was involved in three home invasion robberies. In each instance, an accomplice was armed with a firearm.
¶ 3 Nguyen was convicted of three counts of burglary in the first degree, five counts of robbery in the first degree, and two counts of assault of a child in the second degree (because children were victims in two of the home invasions). On each count, the jury *1118 found Nguyen or an accomplice was armed with a firearm. The court ruled that two of the robbery counts constituted the same course of conduct, and imposed a standard range sentence of 135 months, together with consecutive firearm enhancements totaling 492 months, for a total term of 627 months.

DISCUSSION
¶ 4 Double Jeopardy. It is well settled that sentence enhancements for offenses committed with weapons do not violate double jeopardy even where the use of a weapon is an element of the crime.[3] Nguyen contends, however, that this rule must be reexamined in light of Blakely.
¶ 5 The sentence enhancement statute, RCW 9.94A.533, was enacted, without amendment, after the voters passed Initiative 159, entitled the Hard Time for Armed Crime Act.[4] The statute mandates additional punishment for crimes committed with a firearm, or with a deadly weapon other than a firearm:
(3) The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice w as armed with a firearm as defined in RCW 9.41.010....
....
(4) The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice w as armed with a deadly weapon other than a firearm as defined in RCW 9.41.010....[5]
The statute applies to all felonies except possession of a machine gun, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun in a felony.[6]
¶ 6 Nguyen's premise is that the firearm enhancement "acts like an element of a higher crime," and because the enhancement does not apply to certain crimes in which possession or use of a firearm is an element, the enhancement creates unintended, redundant punishment.[7] "The voters [on Initiative 159, the Hard Time for Armed Crime Act] apparently did not consider the problem of redundant punishment created when a firearm enhancement is added."[8]
¶ 7 We see no basis for this argument. First, unless the question involves the consequences of a prior trial, double jeopardy analysis is an inquiry into legislative intent. The intent underlying the mandatory firearm enhancement is unmistakable: the use of firearms to commit crimes shall result in longer sentences unless an exemption applies. The exemptions defeat Nguyen's argument that the present situation is unintended. Where possession of the firearm is itself the crime, the enhancement is unnecessary to the statutory purpose. It is therefore unsurprising that the offenses of theft of firearms and possession of a machine gun are exempt from the enhancements. The legislature also, however, exempted drive-by shooting and use of a machine gun in a felony, which demonstrates that whether use of a firearm is an element of the crime is not the *1119 test for the enhancement. Any "redundancy" in mandating enhanced sentences for other offenses involving use of a firearm is intentional.
¶ 8 Second, Blakely does not implicate double jeopardy, but rather involves the procedure required by the Sixth Amendment for finding the facts authorizing the sentence.[9] A jury found Nguyen guilty on each count, and entered a special verdict finding that Nguyen or an accomplice was armed with a firearm at the time of the crimes. This procedure complies fully with Blakely.
¶ 9 Nguyen appears to rest his double jeopardy argument upon two posts: the Blakely Court's use of the term "elements" to describe aggravating sentencing factors, and Sattazahn v. Pennsylvania,[10] in which the Court applied double jeopardy analysis to sentencing ("If a jury unanimously concludes that a State has failed to meet its burden of proving the existence of one or more aggravating circumstances, double jeopardy protections attach to that `acquittal' on the offense of `murder plus aggravating circumstance(s).'")
¶ 10 But nothing in Blakely gives reason to question prior Washington cases holding that double jeopardy is not violated by weapon enhancements even if the use of the weapon is an element of the crime. And Sattazahn is not applicable, because the question there was whether double jeopardy prevented a second death penalty sentencing proceeding. Nguyen has been subjected to only one proceeding.[11]
¶ 11 Nguyen's argument is essentially based upon semantics, and he assigns an unsupportable weight to the Blakely Court's use of the term "element" to describe sentencing factors. But the meaning of the Court's language in Blakely was made clear in Recuenco, wherein the Court pointed out that "elements and sentencing factors must be treated the same for Sixth Amendment purposes".[12] Nguyen does not contend his Sixth Amendment rights to a unanimous jury and proof beyond a reasonable doubt were violated.
¶ 12 The double jeopardy clause does no more than ensure that punishment is not more than the legislature intended. The intent of the legislature here is abundantly clear.
¶ 13 Statutory Authority for Firearm Finding. Nguyen also argues the trial court was without authority to impose the enhancement, because although the legislature created a procedure for imposition of a deadly weapon enhancement in RCW 9.94A.602, it created no parallel procedure for the imposition of a firearm enhancement. Nguyen thus contends that there is no authorized procedure for submitting the firearm question to the jury.[13]
¶ 14 The statute authorizes a special allegation and jury finding as to whether the defendant was armed with a deadly weapon, which includes: "Blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm."[14] The firearm enhancement statute itself sets forth no procedure. Nguyen thus argues that the court may ask the jury to determine the presence of a deadly weapon, but not a firearm.
¶ 15 We reject this argument. To the extent express authority is required, the deadly weapon special verdict statute supplies it. A firearm is a type of deadly weapon, expressly included in the statutory definition. The procedural statute did not need amendment just because the legislature created differing penalties for different deadly weapons. Further, where a defendant's constitutional right to a jury determination is *1120 involved, courts have power to empanel juries  as demonstrated by the long line of cases involving habitual criminal proceedings, for which no statute authorizes jury trials.[15]
¶ 16 Contrary to Nguyen's assertions, neither Recuenco nor State v. Hughes[16] offer support to his argument. In both cases, the Washington Supreme Court reversed a judicial firearm finding as violative of the Blakely requirement of a jury determination, and declined to authorize remand for trial on the issue. In Recuenco, the Court stated that no statute contemplated such a procedure and the Court would not "imply a procedure by which a jury can [be convened to] find sentencing enhancements on remand."[17] In Hughes, the Court reached the same result, and emphasized the limited nature of its holding: `We are presented only with the question of the appropriate remedy on remand  we do not decide here whether juries may be given special verdict forms or interrogatories to determine aggravating factors at trial."[18]
¶ 17 Nguyen interprets these cases as standing for the proposition that "there is no procedure in place for the imposition of a firearm enhancement and none may be judicially created."[19] But this entirely misstates the language and intent of the cases, in both of which the Court was faced with an entire statutory scheme held partially unconstitutional, and refused to judicially rewrite the statutes.
¶ 18 The enhancement statutes amply authorize the firearm finding.
¶ 19 DNA Collection. Nguyen argues that collection of a biological sample for purposes of a DNA database violated his Fourth Amendment right to be free from unreasonable search and seizure. As Nguyen acknowledges, this issue was decided to the contrary in State v. Surge.[20] Nguyen advances an argument under the Washington Constitution, but fails to provide the necessary Gunwall[21] analysis, and we thus do not consider the argument.
¶ 20 Sufficiency of the Trial Record. Nguyen argues that because nine sidebar discussions were not reported, the record is inadequate for effective appellate review, and implies he should be granted a new trial. Nothing in the record suggests that Nguyen or his counsel asked to place the sidebar discussions on the record. This issue is not preserved for review.
¶ 21 Further, the usual remedy for defects in the record is to supplement the record with affidavits regarding the missing information from either the trial judge or trial counsel.[22] Nguyen has not reconstructed the record of these discussions, nor has he alleged any errors arising therefrom.
¶ 22 Mitigation. Nguyen argues that the imposition of a firearm enhancement based upon an accomplice's use of a weapon violates his right to trial by jury by preventing him from arguing that his own lack of possession of a weapon is a mitigating factor in considering the imposition of the enhancement. But punishment is not a question for the jury, and the legislature has mandated an enhanced penalty where any participant is armed with a firearm, regardless of whether the defendant himself was armed.[23] There is no basis for the mitigation Nguyen suggests.
¶ 23 Legitimacy of the Legislature's Enactments. Nguyen argues that none of the enactments of the Washington legislative body are legitimate because the state has failed to elect a seat of government. Nguyen *1121 is incorrect. In State ex rel. Lemon v. Langlie,[24] the Supreme Court reviewed the history of establishment of the state's seat of government, and concluded it was located at Olympia in 1890 as a result of the votes cast in an election upon that issue, and that no election since then has authorized removal of the seat of government from Olympia to any other city. Nguyen's argument has no basis.
¶ 24 Affirmed.
WE CONCUR: APPELWICK, C.J., and GROSSE, J.
NOTES
[1] 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] 154 Wash.2d 156, 110 P.3d 188 (2005), cert. granted, ___ U.S. ___, 126 S.Ct. 478, 163 L.Ed.2d 362 (2005), rev'd on other grounds, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).
[3] See State v. Pentland, 43 Wash.App. 808, 811-12, 719 P.2d 605 (1986) (rape charge elevated to first degree because of use of deadly weapon; sentence enhancement for use of weapon held not to violate double jeopardy) ("the double jeopardy clause does no more than prevent greater punishment for a single offense than the Legislature intended.... Inasmuch as the legislative intent is clear, the double jeopardy clause does not help Pentland."); State v. Caldwell, 47 Wash. App. 317, 320, 734 P.2d 542 (1987) ("the Legislature has clearly expressed its intent in RCW 9.94A.310 that a person who commits certain crimes while armed with a deadly weapon will receive an enhanced sentence, notwithstanding the fact that being armed with a deadly weapon was an element of the offense"); State v. Horton, 59 Wash.App. 412, 418, 798 P.2d 813 (1990) ("it is immaterial that being armed with a deadly weapon is an element of the offense of second degree assault; the enhancement statute can still pertain").
[4] Laws of 1995, ch. 129; State v. Lewis (In re Charles), 135 Wash.2d 239, 246, 955 P.2d 798 (1998) (citing State v. Broadaway, 133 Wash.2d 118, 124, 942 P.2d 363 (1997)).
[5] RCW 9.94A.533(3), (4) (emphasis added).
[6] Id. § (3)(f).
[7] App. Br. at 16.
[8] App. Br. at 13.
[9] Blakely, 542 U.S. at 301, 124 S.Ct. 2531.
[10] 537 U.S. 101, 111-12, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003).
[11] See State v. Maestas, 124 Wash.App. 352, 359, 101 P.3d 426 (2004) (discussing double jeopardy in sentencing on remand after Blakely).
[12] Recuenco, 126 S.Ct. at 2552 (emphasis added).
[13] We agree with the State that Nguyen failed to object to the special verdict forms at trial, and has not preserved this issue for appeal. We exercise our discretion to address it. RAP 2.5(a).
[14] RCW 9.94A.602 (emphasis added).
[15] See, e.g., State v. Furth, 5 Wash.2d 1, 104 P.2d 925 (1940); State v. Smith, 150 Wash.2d 135, 75 P.3d 934 (2003).
[16] 154 Wash.2d 118, 110 P.3d 192 (2005), overruled in part by Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).
[17] Recuenco, 154 Wash.2d at 164, 110 P.3d 188 (emphasis added).
[18] Hughes, 154 Wash.2d at 149, 110 P.3d 192.
[19] Reply Br. at 9-10.
[20] 122 Wash.App. 448, 94 P.3d 345 (2004).
[21] State v. Gunwall, 106 Wash.2d 54, 720 P.2d 808 (1986).
[22] State v. Miller, 40 Wash.App. 483, 488, 698 P.2d 1123 (1985).
[23] RCW 9.94A.533.
[24] 45 Wash.2d 82, 98, 273 P.2d 464 (1954).