**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH M. SUTTON, | No. 07-36019 |
| Petitioner - Appellant, | D.C. No. CV-07-05148-RBL |
| v. | |
| JOHN GAY, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 7, 2011[**]
Seattle, Washington

Before: McKEOWN, FISHER and GOULD, Circuit Judges.

Kenneth M. Sutton petitions for habeas corpus relief after being convicted of

burglary and assault and receiving a 152-month sentence. His petition is subject to

the Antiterrorism and Effective Death Penalty Act of 1996. *See Furman v. Wood*,

190 F.3d 1002, 1004 (9th Cir. 1999). The district court denied Sutton's petition.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo, and affirm. *See Beardslee v. Woodford*, 358 F.3d 560, 568 (9th Cir. 2004).

Sutton was not denied a "meaningful opportunity to present a complete defense" when the trial court refused to permit his cousin to testify. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). "A defendant has no right . . . to present irrelevant evidence," and the excluded testimony was not relevant because it would have established only that the victim was also assaulted by another person days after the assault for which Sutton was charged. *Wood v. State of Alaska*, 957 F.2d 1544, 1549 (9th Cir. 1992); *see also Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006).

The trial court did not violate the Double Jeopardy Clause by imposing two weapon enhancements to Sutton's sentence based on his use of the same deadly weapon against the same victim during the commission of the separate crimes of burglary and assault. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). In determining whether the Washington state legislature intended courts to impose two weapon enhancements in cases like this one, we are bound to accept the Washington courts' construction of that state's

2

statutes.  *See id.* at 368.  The Washington Supreme Court explicitly stated, in rejecting Sutton's request for review, that the statute at issue "required" the trial court "to impose two consecutive deadly weapon enhancements."  *See also State v. Huested*, 74 P.3d 672, 673 (Wash. Ct. App. 2003) ("This statute unambiguously shows legislative intent to impose two enhancements based on a single act of possessing a weapon, where there are two offenses eligible for an enhancement."). Accordingly, there was no double jeopardy violation.

**AFFIRMED.**

3