IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 82037-1-I |
| Respondent, | |
| v. | DIVISION ONE |
| JEREMIAH ANDREW WITTCOFF, | UNPUBLISHED OPINION |
| Appellant. | |

COBURN, J. —   Jeremiah Wittcoff appeals his 198-month sentence for multiple successive crimes involving a firearm.  First, Wittcoff contends that the trial court commented on the evidence by instructing the jury on voluntary intoxication.  Applying the invited error doctrine, we decline to review this claim. Second, Wittcoff contends that the firearm enhancement statute is a separate crime and convicting him multiple times of that crime when he used a single gun violated double jeopardy.  The firearm enhancement statute, RCW 9.94A.533(3), is not itself a crime.  Imposing consecutive firearm enhancements for multiple different offenses does not violate double jeopardy.  Accordingly, we affirm.

FACTS

On October 8, 2019, after days of no sleep and using methamphetamine, Jeremiah Wittcoff, while "high out of [his] mind," took his father's handgun from a

_____

Citations and pin cites are based on the Westlaw online version of the cited material.

nightstand without permission. He then engaged in a series of acts that led to the State charging him, through an Amended Information, with multiple crimes totaling six counts. Because we address only raised legal issues and Wittcoff does not challenge the sufficiency of the evidence, we briefly summarize each count.

Count I – Attempted Robbery in the second degree: Wittcoff reached through a partially open driver's side window and unsuccessfully directed the driver to let him in.

Count II – Robbery in the first degree while armed with a firearm: Later that same day, Wittcoff approached two elderly women on a walk with the gun raised and demanded their wallets and phones. One of the women gave him her phone.

Counts III and IV – Assault in the first degree while armed with a firearm: While Wittcoff was running away from the two women, he ran past a car containing two men and one of the men's two-year-old son inside. Wittcoff fired his gun in their direction.

Count V – Attempted robbery in the first degree: About a week later, a police officer saw Wittcoff wearing a face covering near a gas station. Wittcoff's text messages later uncovered that he was texting a friend about how he was "seriously debating knocking over a few gas stations."

Count VI – Unlawful possession of a firearm in the first degree: Wittcoff was charged with possession of a firearm on the same date of the robbery and assaults.

On the day the State amended its Information, Wittcoff pleaded guilty to Counts II and VI and proceeded to trial on the remaining counts. At trial, Wittcoff requested a voluntary intoxication instruction. The trial court granted Wittcoff's request and instructed the jury:

> No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant acted with intent to inflict bodily injury or intent to create apprehension and fear of bodily injury.

The jury acquitted Wittcoff on Count I and deadlocked on Count V. The jury convicted Wittcoff of the lesser included offense of assault in the second degree on both Counts III and IV and found he was armed with a firearm at the time of the commission of the crimes.

The trial court sentenced Wittcoff on Counts II, III, IV, and VI. The court imposed 66 months on Count II, 29 months on Count III, 29 months on Count IV, and 41 months on Count VI. Wittcoff would serve that part of the sentence concurrently, meaning a maximum of 66 months. The court also applied statutory mandatory firearm enhancements to Counts II, III, and IV. See RCW 9.94A.533 (requiring firearm enhancements to be served in total confinement and to run consecutive to all other sentence provisions, including other firearm enhancements).[1] These enhancements increased Wittcoff's total sentence to 198 months.

---

[1] Wittcoff contends that the weapons enhancement laws are particularly harsh because it requires the trial court to stack the enhancements for multiple counts regardless of the facts. Wittcoff is correct and not alone with that concern. As noted in a recent report for the state Criminal Sentencing Task Force, "[o]f particular concern are the firearm and deadly weapon enhancements which must be served consecutively to all other sentences and enhancements, in

DISCUSSION

Judicial Comment on Evidence

Wittcoff argues for the first time on appeal that the voluntary intoxication instruction constituted an impermissible judicial comment on the evidence. The State asserts that this jury instruction was invited error because defense counsel requested the instruction. We agree with the State.

At trial, defense counsel requested the following jury instruction:

No act committed by a person while in a state of voluntary intoxication is less criminal by reason of that condition. However, evidence of intoxication may be considered in determining whether the defendant acted with intent to inflict bodily injury or intent to create apprehension and fear of bodily injury.

The court instructed the jury as requested.

We review alleged jury instructional errors de novo. State v. Barnes, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005). Under the invited error doctrine, even where constitutional rights are involved, we are precluded from reviewing jury instructions when the defendant has proposed an instruction or agreed to its wording. State v. Winings, 126 Wn. App. 75, 89, 107 P.3d 141 (2005). Further,

---

instances where a defendant is charged with multiple firearm or deadly weapons enhancements, the confinement time associated with the enhancements are 'stacked' on top of one another, creating the potential for large increases in sentence length above the standard range." WASH. STATE INST. FOR PUB. POLICY, EXAMINING WASHINGTON STATE'S SENTENCING GUIDELINES: A REPORT FOR THE CRIMINAL SENTENCING TASK FORCE 8 n.23 (May 2021) (Document No. 21-05-1901), Wsipp_Examining-Washington-State-s-Sentencing-Guidelines-A-Report-for-the-Criminal-Sentencing-Task-Force_Report.pdf. The legislature in 2019 created the task force. See ENGROSSED SUBSTITUTE H.B. 1109, 66th Leg., Reg. Sess. (Wash. 2019).

a party may not request an instruction and then later complain on appeal that the instruction was given, even if the error is of a constitutional magnitude. State v. Hood, 196 Wn. App. 127, 131, 382 P.3d 710 (2016); City of Seattle v. Patu, 108 Wn. App. 364, 374, 30 P.3d 522 (2001).

Here, Wittcoff proposed the very jury instruction he now asserts constituted a judicial comment on the evidence. Wittcoff's invited error precludes our review of his claim.

## Double Jeopardy

Wittcoff next contends that RCW 9.94A.533(3) constitutes a crime, and convicting him multiple times under that statute violates double jeopardy when he used a single firearm during a continuous criminal episode. We disagree.

Double jeopardy claims are questions of law that are reviewed de novo. State v. Kelley, 168 Wn.2d 72, 76, 226 P.3d 773 (2010). The Fifth Amendment to the United States Constitution provides, "[n]o person shall . . . be subject to the same offence to be twice put in jeopardy of life or limb." Additionally, article I, section 9 of the Washington State Constitution provides, "[n]o person shall . . . be twice put in jeopardy for the same offense." Both clauses are " 'identical in thought, substance, and purpose.' " State v. Ervin, 158 Wn.2d 746, 752, 147 P.3d 567 (2006) (quoting In re Pers. Restraint of Davis, 142 Wn.2d 165, 171, 12 P.3d 603 (2000)). In addition, both clauses disallow a person from being prosecuted for the same offense after being convicted or receiving multiple punishments for the same offense. State v. Villanueva-Gonzalez, 180 Wn.2d 975, 980, 329 P.3d 78 (2014). Here, the issue is whether Wittcoff's multiple

consecutive firearm sentence enhancements constitute receiving multiple punishments for the same offense.

We first address whether ".533(3)," as Wittcoff prefers to call it, is a crime in and of itself. It is not. Subsection (3) of RCW 9.94A.533 states:

> (3) The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime. If the offender is being sentenced for more than one offense, the firearm enhancement or enhancements must be added to the total period of confinement for all offenses, regardless of which underlying offense is subject to a firearm enhancement. If the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for an anticipatory offense under chapter 9A.28 RCW to commit one of the crimes listed in this subsection as eligible for any firearm enhancements, the following additional times shall be added to the standard sentence range determined under subsection (2) of this section based on the felony crime of conviction as classified under RCW 9A.28.020:
>
> (a) Five years for any felony defined under any law as a class A felony or with a statutory maximum sentence of at least twenty years, or both, and not covered under (f) of this subsection;
>
> (b) Three years for any felony defined under any law as a class B felony or with a statutory maximum sentence of ten years, or both, and not covered under (f) of this subsection;
>
> (c) Eighteen months for any felony defined under any law as a class C felony or with a statutory maximum sentence of five years, or both, and not covered under (f) of this subsection;
>
> (d) If the offender is being sentenced for any firearm enhancements under (a), (b), and/or (c) of this subsection and the offender has previously been sentenced for any deadly weapon enhancements after July 23, 1995, under (a), (b), and/or (c) of this subsection or subsection (4)(a), (b), and/or (c) of this section, or both, all firearm enhancements under this subsection shall be twice the amount of the enhancement listed;

6

(e) Notwithstanding any other provision of law, all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter. However, whether or not a mandatory minimum term has expired, an offender serving a sentence under this subsection may be:

(i) Granted an extraordinary medical placement when authorized under RCW 9.94A.728(1)(c); or

(ii) Released under the provisions of RCW 9.94A.730;

(f) The firearm enhancements in this section shall apply to all felony crimes except the following: Possession of a machine gun or bump-fire stock, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun or bump-fire stock in a felony;

(g) If the standard sentence range under this section exceeds the statutory maximum sentence for the offense, the statutory maximum sentence shall be the presumptive sentence unless the offender is a persistent offender. If the addition of a firearm enhancement increases the sentence so that it would exceed the statutory maximum for the offense, the portion of the sentence representing the enhancement may not be reduced.

We derive legislative intent solely from the plain language enacted by the legislature, considering the text of the provision in question, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole. State v. Evans, 177 Wn.2d 186, 192, 298 P.3d 724 (2013). "We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language." State v. Delgado, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). Issues of statutory construction are a question of law subject to de novo review. Evans, 177 Wn.2d at 191.

By its own title, RCW 9.94A.533 addresses "Adjustments to standard sentences." It is not a crime defined by the legislature. The statute, in fact, explains how the adjustments are to be applied to "persons convicted . . . under chapter 9A.28 RCW" or when offenders are sentenced "for one of the crimes listed in this subsection." RCW 9.94A.533(2), (3). Wittcoff was not charged with committing ".533(3)." The crimes he committed while armed with a firearm were robbery in the first degree under RCW 9A.56.200 and assault in the first degree under RCW 9A.36.011(1)(a) committed against two different people. The punishment he received, because he was armed with a firearm, constituted additional punishment for the crimes he committed.

"Unless the question involves the consequences of a prior trial, double jeopardy analysis is an inquiry into legislative intent. The intent underlying the mandatory firearm enhancement is unmistakable: the use of firearms to commit crimes shall result in longer sentences unless an exemption applies." State v. Nguyen, 134 Wn. App. 863, 868, 142 P.3d 1117 (2006).

"A legislature can enact statutes imposing, in a single proceeding, cumulative punishments for the same conduct." Kelley, 168 Wn.2d at 77. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983). Where a defendant contends that his sole act has been punished twice under separate criminal statutes, the question is "whether, in light of legislative intent, the charged crimes constitute

8

the same offense." In re Pers. Restraint of Orange, 152 Wn.2d 795, 815, 100 P.3d 291 (2004). If the legislature intended to impose multiple punishments, its imposition does not violate the double jeopardy clause. Kelley, 168 Wn.2d at 77.

In Kelley, our Supreme Court held that the "imposition of a firearm enhancement does not violate double jeopardy when an element of the underlying offense is use of a firearm." Id. at 84. It also concluded that the cumulative punishment of firearms enhancements of RCW 9.94A.533 was "clearly intended" by the legislature. Id. at 80.

Later, our Supreme Court decided State v. Allen, 192 Wn.2d 526, 534, 431 P.3d 117 (2018), which involved a retrial after the defendant was acquitted as to aggravating circumstances on multiple murder charges. In Allen, the defendant was convicted as an accomplice of four counts of murder in the first degree. Allen, 192 Wn.2d at 528. However, the jury unanimously acquitted the defendant of two aggravating circumstances under RCW 10.95.020 that were alleged on each murder count. Id. at 528-29. On appeal, the court vacated the murder convictions and remanded for a new trial. Id. at 529. The issue before the court was whether the defendant could be tried a second time on the aggravating circumstances, and the court held that retrial on the aggravating circumstances was barred by double jeopardy. Id. at 529. The court concluded that the aggravating circumstances under RCW 10.95.020 were "elements of the offense of aggravated first degree murder for purposes of the double jeopardy clause," and thus barred. Id. at 534.

Wittcoff argues that the issue in <u>Allen</u> is similar to the instant case. We do not agree. The issue in the instant case is whether firearm enhancements are separate crimes, while the issue in <u>Allen</u> was whether the defendant could be tried a second time on aggravating circumstances after being acquitted. <u>Allen</u>, 192 Wn.2d at 529. Nowhere in <u>Allen</u> does the court state that aggravating circumstances are a separate crime.

Further, the court has since clarified that aggravating circumstances are not separately charged crimes. In <u>State v. Whitaker</u>, 195 Wn.2d 333, 339, 459 P.3d 1074 (2020), our Supreme Court explained that in <u>Allen</u>, "We did not find . . . that aggravating circumstances are separately charged crimes." <u>Allen</u> does not support Wittcoff's argument.

Wittcoff used a single firearm and committed multiple crimes while armed with that firearm on the same day against different victims. The fact that he received multiple firearm enhancements does not violate double jeopardy. We affirm.

_____
Coburn, J.

WE CONCUR:

_____        _____
Brennan, J.                    Mann, C.J.