[No. 60365-5-I.   Division One.   August 24, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL J. SIMMS, *Appellant*.

*Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Dennis J. McCurdy, Deputy*, for respondent.

¶1 SCHINDLER, C.J. — A jury convicted Daniel J. Simms of one count of robbery in the first degree, two counts of assault in the second degree, and unlawful possession of a firearm in the first degree. The jury found that Simms was armed with a firearm when he committed the crime of robbery in the first degree and the two assaults. As mandated by RCW 9.94A.533(3)(d), the court doubled the length of confinement of the firearm enhancements based on Simms's prior felony conviction of assault in the second degree with a firearm enhancement. Citing *State v. Recuenco*, 163 Wn.2d 428, 434,

180 P.3d 1276 (2008), Simms asserts that in order to double the length of confinement for the firearm sentencing enhancements, the State should have alleged in the information that he had a prior assault conviction with a firearm enhancement. Simms contends that because the doubling provision of the firearm enhancement statute is an essential element, the court violated his constitutional rights by failing to allege and prove the court previously imposed a firearm sentencing enhancement. As a separate and alternative ground to reverse doubling the length of the term for the firearm enhancements, Simms argues that his conviction for unlawful possession of a firearm in the first degree, based on his prior felony assault conviction, and doubling the firearm enhancements, based on the same prior conviction, violates double jeopardy. Simms also claims that he is entitled to a new trial because the court abused its discretion in excluding his statements to the police. We hold that the State is not required to plead or prove beyond a reasonable doubt the fact of a prior firearm enhancement for purposes of doubling the term for a firearm sentencing enhancement under RCW 9.94A.533(3)(d). Based on clear and unambiguous legislative intent, we also conclude that imposition of the firearm sentencing enhancements under RCW 9.94A.533(3)(d) does not violate double jeopardy. And because the court did not abuse its discretion by excluding Simms's hearsay statements, we affirm.

## FACTS

¶2 In April 2006, the State charged Simms with robbery in the first degree while armed with a firearm, count I, two counts of assault in the second degree while armed with a firearm, count II and count III, and unlawful possession of a firearm in the first degree, count IV.

¶3 In count I, the information alleged that on February 18, 2006, Simms unlawfully and with the intent to commit

theft, injured John Jacobs by forcefully taking money from him while armed with a deadly weapon. The information also specifically alleged that because Simms was armed with a handgun, he was subject to a firearm sentencing enhancement under RCW 9.94A.533.[1]

> And I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington further do accuse the defendant Daniel J. Simms aka Terry Jay Weeks at said time of being armed with a handgun, a firearm, as defined in RCW 9.41.010, under the authority of RCW 9.94A.510(3).

¶4 In counts II and III, the State alleged that on February 18, Simms also assaulted Ron Cogswell and Grace Astad with a deadly weapon. The information again specifically alleged that Simms was armed with a handgun and subject to the firearm enhancement statute. In count IV, the State alleged that Simms committed the crime of unlawful possession of a firearm in the first degree based on his previous conviction "of the crime of Assault in the Second Degree," "a serious offense," and Simms "knowingly did own, have in his possession, or have in his control, a handgun, a firearm as defined in RCW 9.41.010."

¶5 After an extensive colloquy, the trial court granted Simms's request to represent himself. However, the court appointed standby counsel to assist Simms throughout the trial.

¶6 The State presented the testimony of a number of witnesses at trial, including Jacobs, Cogswell, and the police officers. In order to establish the crime of unlawful possession of a firearm in the first degree, the State introduced a certified copy of Simms's 2000 judgment and sentence for assault in the second degree while armed with a firearm.

¶7 Simms took no exceptions to the jury instructions. As to count I, the court instructed the jury that a person

---

[1] The information cites RCW 9.94A.510(3). RCW 9.94A.510(3) was recodified as RCW 9.94A.533 in 2002. Laws of 2002, ch. 290, § 11.

commits the crime of robbery in the first degree if armed with a deadly weapon during the commission of the crime. The instructions as to count II and count III state that a person commits the crime of assault in the second degree when he assaults another with a deadly weapon. The definition of "deadly weapon" includes a firearm. As to the charge of unlawful possession of a firearm in the first degree, in count IV, the court instructed the jury that the State had to prove beyond a reasonable doubt that "the defendant knowingly had a firearm in his possession or control" during the commission of the crimes of robbery and the two assaults, and that "the defendant had previously been convicted of Assault in the Second Degree, which is a serious offense . . . ." The special verdict forms for robbery in the first degree and the two counts of assault instructed the jury, "The State must prove beyond a reasonable doubt that the defendant was armed with a firearm . . . ."

¶8 The jury found Simms guilty on all four counts as charged. In the special verdict forms, the jury found that Simms was armed with a firearm at the time of the commission of robbery in the first degree and the two counts of assault in the second degree.

¶9 With an offender score of 14, the court imposed a low-end standard range sentence of 129 months for robbery in the first degree and a low-end concurrent sentence for the two counts of assault in the second degree and unlawful possession of a firearm. Because Simms had previously been convicted of assault in the second degree with a firearm enhancement, the court doubled the mandatory 60 month firearm enhancement for the robbery conviction and the mandatory 36 month firearm enhancement for each of the two assaults as required by RCW 9.94A.533(3)(d), resulting in a firearm enhancement of 120 months for the robbery conviction and 72 months for each the assault convictions, for a total of 264 months.

## ANALYSIS

¶10 Simms challenges the court's decision to double the length of confinement for the firearm enhancements under RCW 9.94A.533(3)(d).[2] Simms argues that because the term of confinement for a firearm enhancement under RCW 9.94A.533(3)(d) is an essential element, the State must allege and prove beyond a reasonable doubt that he had previously been sentenced for a firearm enhancement. In the alternative, Simms argues that his conviction of unlawful possession of a firearm in the first degree and imposition of a firearm enhancement under RCW 9.94A-.533(3)(d) violates double jeopardy. Because his arguments are of constitutional magnitude, he can raise these arguments for the first time on appeal and our review is de novo. *State v. Mills*, 154 Wn.2d 1, 6, 109 P.3d 415 (2005).

*The Firearm Enhancement Statute*

¶11 RCW 9.94A.533, "Adjustments to standard sentences," was enacted without amendment as part of the "Hard Time for Armed Crime" initiative, Laws of 1995, ch. 129, § 1 (Initiative Measure No. 159 (I-159)). The purpose of I-159 was to require additional punishment for crimes committed with a firearm or other deadly weapon, to "punish armed offenders more harshly to discourage the use of firearms" because "[a]rmed criminals pose an increasing and major threat to public safety and can turn any crime into serious injury or death." *State v. Berrier*, 110 Wn. App. 639, 649-50, 41 P.3d 1198 (2002); Laws of 1995, ch. 129, § 1(1)(a).

¶12 Under RCW 9.94A.533(3), if the jury finds that the defendant was armed with a firearm during the com-

---

[2] Because the information alleged and the jury found that Simms was armed with a firearm during the commission of robbery in the first degree and the two counts of assault in the second degree, there is no dispute that Simms was subject to mandatory consecutive terms of confinement for the firearm enhancements for those crimes under RCW 9.94A.533(3). His appeal only challenges the doubling provision of the firearm enhancement statute, RCW 9.94A.533(3)(d).

mission of a felony as defined by the statute, the court must impose a consecutive term for the firearm enhancement. Firearm enhancements are mandatory, must be served in total confinement, and run consecutively to all other sentencing provisions. RCW 9.94A.533(3) provides in pertinent part:

The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime. If the offender is being sentenced for more than one offense, the firearm enhancement or enhancements must be added to the total period of confinement for all offenses, regardless of which underlying offense is subject to a firearm enhancement. . . . [T]he following additional times shall be added to the standard sentence range determined under subsection (2) of this section based on the felony crime of conviction as classified under RCW 9A.28.020:

(a) Five years for any felony defined under any law as a class A felony or with a statutory maximum sentence of at least twenty years, or both, and not covered under (f) of this subsection;

(b) Three years for any felony defined under any law as a class B felony or with a statutory maximum sentence of ten years, or both, and not covered under (f) of this subsection;

(c) Eighteen months for any felony defined under any law as a class C felony or with a statutory maximum sentence of five years, or both, and not covered under (f) of this subsection.

¶13 Under RCW 9.94A.533(3)(d), if the defendant has been previously sentenced for a deadly weapon enhancement, the mandatory length of the term for the firearm enhancement "shall be twice the amount of the enhancement." RCW 9.94A.533(3)(d) provides in pertinent part:

If the offender is being sentenced for any firearm enhancements . . . and the offender has previously been sentenced for any deadly weapon enhancements . . . , all firearm enhance-

ments under this subsection shall be twice the amount of the enhancement listed.

¶14 The statute also exempts certain crimes from firearm enhancement where "the possession or use of a firearm is a necessary element of the underlying crime itself." *Berrier*, 110 Wn. App. at 650. RCW 9.94A.533(3)(f) provides in pertinent part:

> The firearm enhancements in this section shall apply to all felony crimes except the following: Possession of a machine gun, possessing a stolen firearm, drive-by shooting, theft of a firearm, unlawful possession of a firearm in the first and second degree, and use of a machine gun in a felony.

¶15 It is undisputed that the State did not allege in the charging document or prove to the jury beyond a reasonable doubt that Simms was subject to the firearm enhancement doubling provision of RCW 9.94A.533(3)(d). Simms contends that the failure to allege that he had been previously sentenced for a firearm enhancement and was subject to the mandatory doubling provision of RCW 9.94A.533(3)(d) violated the essential elements rule. Simms cites *Recuenco* to argue that in order to double the term of confinement for a firearm enhancement under RCW 9.94A.533(3)(d), the State must allege and prove beyond a reasonable doubt that he had previously been sentenced for a firearm enhancement.

¶16 The State has the burden of proving each element of the crime charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State v. Byrd*, 125 Wn.2d 707, 713, 887 P.2d 396 (1995). The essential elements rule requires the State to identify the crime charged and allege facts supporting every element of the offense in the charging document. *Recuenco*, 163 Wn.2d at 434.[3] " 'Elements' are the facts that the State must prove beyond a reasonable doubt to establish

---

[3] "In all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation . . . ." U.S. Const. amend. IV. "In all criminal prosecutions the accused shall have the right . . . to demand the nature and cause

that the defendant committed the charged crime." *Recuenco*, 163 Wn.2d at 434. Facts that can result in an increased penalty for the charged crime are the functional equivalent of an element, and the State must set forth in the charging documents the intent to seek an enhanced penalty. *Recuenco*, 163 Wn.2d at 440; *Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 609, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002). In *Recuenco*, the court held that in order to impose a firearm enhancement under RCW 9.94A.533(3), the State must prove beyond a reasonable doubt that the offender was armed with a firearm during the commission of the crime charged. *Recuenco*, 163 Wn.2d at 434.

¶17 But there is no constitutional requirement to give notice or prove beyond a reasonable doubt an enhanced sentencing penalty based on a prior conviction. In *Apprendi*, the Supreme Court held that "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.[4] In *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the Supreme Court clarified *Apprendi* and held that the statutory maximum under *Apprendi* "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."[5] In reiterating the *Apprendi* rule, the Court specifically noted that a jury must determine any fact "[o]ther than the fact of a prior conviction." *Blakely*, 542 U.S. at 301.

¶18 In applying *Apprendi*, our Supreme Court also held that there is no constitutional requirement to give notice or prove beyond a reasonable doubt a prior conviction for purposes of a sentencing enhancement. *State v. Crawford*,

---

of the accusation against him . . . ." WASH. CONST. art. I, § 22 (amend. 10); *Recuenco*, 163 Wn.2d at 436 n.7.

[4] (Emphasis added.)

[5] (Emphasis omitted.)

159 Wn.2d 86, 147 P.3d 1288 (2006); *State v. Smith*, 150 Wn.2d 135, 141-43, 75 P.3d 934 (2003). In rejecting the argument that it was fundamentally unfair to not notify a defendant that based on prior convictions, the defendant may be subject to a mandatory sentence of life without the possibility of parole, the court explained,

> [T]hese cases simply illustrate the rule that prosecutors must set forth their intent to seek enhanced penalties for the *underlying* crime in the information and are not applicable where, as here, a defendant faces potential sentencing consequences because of convictions for *prior* crimes.
>
> . . . [T]he United States Supreme Court and this court have repeatedly rejected the argument that pretrial notice of enhanced penalties for recidivism is constitutionally required.

*Crawford*, 159 Wn.2d at 94-95 (footnote omitted).[6]

¶19 Simms's reliance on *Recuenco* to argue that the information violated the essential element rule by failing to allege that he was previously sentenced for a firearm enhancement and subject to RCW 9.94A.533(3)(d) is misplaced. In *Recuenco*, the information alleged that the defendant assaulted his spouse with a deadly weapon and the jury returned a special verdict finding that Recuenco was armed with a deadly weapon. *Recuenco*, 163 Wn.2d at 432. The Supreme Court held that the defendant was entitled to have the jury determine "if he was guilty of the crime and sentencing enhancement charged." *Recuenco*, 163 Wn.2d at 440. Because the jury did not find the defendant was armed with a firearm during the commission of the charged offense, the court concluded the sentencing court erred by imposing a firearm enhancement. *Recuenco*, 163 Wn.2d at 439.

¶20 By contrast here, there is no dispute that the State alleged and the jury found that Simms was armed with a firearm during the commission of robbery in

---

[6] According to the court, "All a sentencing court needs to do is find that the prior conviction exists. No additional safeguards are required because a certified copy of a prior judgment and sentence is highly reliable evidence." *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 256-57, 111 P.3d 837 (2005) (citation omitted).

the first degree and the two counts of assault in the second degree. Because the statutory requirement to double the length of the sentence for the firearm enhancements under RCW 9.94A.533(3)(d) was based on the undisputed prior conviction for assault with a firearm enhancement, we hold that the State did not violate the essential elements rule by failing to allege or prove the prior conviction beyond a reasonable doubt.

*Double Jeopardy*

¶21 As a separate and alternative ground to reverse and vacate the length of confinement for the firearm enhancements, Simms contends that his conviction for unlawful possession of a firearm in the first degree, based on his prior conviction for assault in the second degree with a firearm enhancement, and doubling the term for the firearm enhancements under RCW 9.94A.533(3)(d), based on the same prior assault conviction, violates double jeopardy.

¶22 For purpose of the double jeopardy analysis, the dispositive question is whether the legislature intended to punish unlawful possession of a firearm in the first degree in violation of RCW 9.41.040(1)(a) and require the court to double the term for a firearm enhancement under RCW 9.94A.533(3)(d) based on a prior conviction of assault with a firearm enhancement.

¶23 Whether the imposition of punishment for violation of RCW 9.41.040(1)(a) and doubling of the length of the firearm enhancements under RCW 9.94A.533(3)(d) violates double jeopardy is a question of law that we review de novo. *State v. Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).

¶24 The double jeopardy clause of the Fifth Amendment to the United States Constitution and article I, section 9 of the Washington State Constitution protect a defendant against multiple punishments for the same offense. *State v. Calle*, 125 Wn.2d 769, 775, 888 P.2d 155 (1995). The Fifth Amendment states in pertinent part, "nor shall any person be subject for the same offense to be twice put in jeopardy of

life or limb . . . ." The Washington Constitution also guarantees that "[n]o person shall . . . be twice put in jeopardy for the same offense." WASH. CONST. art. I, § 9. Because the double jeopardy clauses of the federal and state constitutions are identical in substance and purpose, we interpret them the same way. *In re Pers. Restraint of Davis*, 142 Wn.2d 165, 171, 12 P.3d 603 (2000).

¶25 *State v. Freeman*, 153 Wn.2d 765, 771-73, 108 P.3d 753 (2005), sets forth the framework for the double jeopardy analysis. *Freeman* requires us to first look to whether there is either express or implicit legislative intent authorizing cumulative punishment. Subject to constitutional restraints, the legislature has the power to define crimes and assign punishment. *Calle*, 125 Wn.2d at 775. If the intent is clear and the legislature authorizes "cumulative punishments" under two different statutes, "then double jeopardy is not offended" and the court's double jeopardy analysis is at an end. *Freeman*, 153 Wn.2d at 771.

¶26 Based on clear legislative intent, Washington courts have repeatedly held that the imposition of weapon enhancements do not violate double jeopardy. *State v. Claborn*, 95 Wn.2d 629, 636-38, 628 P.2d 467 (1981); *State v. Truong V. Nguyen*, 134 Wn. App. 863, 866, 142 P.3d 1117 (2006); *accord State v. Tessema*, 139 Wn. App. 483, 493, 162 P.3d 420 (2007), *review denied*, 163 Wn.2d 1018, 180 P.3d 1292 (2008). In *Claborn*, the court held that because sentencing enhancements are not "offenses," double jeopardy is not implicated. *Claborn*, 95 Wn.2d at 637. In *Nguyen*, the defendant argued that a firearm enhancement was analogous to an element of a higher crime and that it created "unintended, redundant punishment." *Nguyen*, 134 Wn. App. at 867. We rejected the defendant's argument and held that double jeopardy was not violated because the legislative intent in adopting the firearm enhancement statute and in mandating additional punishment for the use of a firearm is "unmistakable." *Nguyen*, 134 Wn. App. at 868.

First, unless the question involves the consequences of a prior trial, double jeopardy analysis is an inquiry into legislative

intent. The intent underlying the mandatory firearm enhancement is unmistakable: the use of firearms to commit crimes shall result in longer sentences unless an exemption applies. The exemptions defeat Nguyen's argument that the present situation is unintended. Where possession of the firearm is itself the crime, the enhancement is unnecessary to the statutory purpose. . . . Any "redundancy" in mandating enhanced sentences for other offenses involving use of a firearm is intentional.

*Nguyen*, 134 Wn. App. at 868.

¶27 Ignoring legislative intent, Simms begins with the second step of the double jeopardy analysis, the "same elements" test under *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).[7] But the *Blockburger* same elements test is a rule of statutory construction that applies only if legislative intent is not clear. Because the legislative intent to punish unlawful possession of a firearm and double the mandatory firearm enhancement is clear and "unmistakable," we need not engage in the same elements analysis under *Blockburger*.

¶28 We conclude that Simms's conviction for unlawful possession of a firearm and the doubling mandatory firearm enhancement under RCW 9.94A.533(3)(d) do not violate double jeopardy.[8]

---

[7] If each crime contains an element the other does not, we presume the crimes are not the same for purposes of double jeopardy. *Blockburger*, 284 U.S. at 304; *Calle*, 125 Wn.2d at 777.

[8] We note, however, that the factual premise of Simms's double jeopardy argument is incorrect. His conviction for unlawful possession of a firearm was based on his prior conviction for a serious offense without regard to the firearm enhancement. The court instructed the jury that in order to convict Simms of unlawful possession of a firearm in the first degree, the State had to prove beyond a reasonable doubt that "the defendant had previously been convicted of Assault in the Second Degree, which is a serious offense . . . ." Doubling the term for the firearm enhancements under RCW 9.94A.533(3)(d) was unrelated to the elements of unlawful possession of a firearm in the first degree. Doubling the term for the firearm enhancements was based on the jury finding that Simms was armed with a firearm during the commission of the crimes of robbery in the first degree and assault in the second degree, and that he had a prior felony conviction with a firearm enhancement.

*Hearsay Testimony*

¶29 Simms claims that under the rule of completeness, the trial court abused its discretion by excluding statements Simms made at the hospital to Officer Kowalchyk. Apparently, Simms wanted to admit Officer Kowalchyk's testimony from a pretrial hearing. In the CrR 3.5 hearing Officer Kowalchyk testified that Simms told him, " 'These guys robbed me. They hit me with a hammer.' "

¶30 We review the court's decisions regarding admission of evidence for abuse of discretion. *State v. Larry*, 108 Wn. App. 894, 910, 34 P.3d 241 (2001). Under the rule of completeness, if a party introduces a statement, an adverse party may require the party to introduce any other part "which ought in fairness to be considered contemporaneously with it." ER 106; *Larry*, 108 Wn. App. at 910. However, " 'the trial judge need only admit the remaining portions of the statement which are needed to clarify or explain the portion already received.' " *Larry*, 108 Wn. App. at 910 (quoting *United States v. Haddad*, 10 F.3d 1252, 1258-59 (7th Cir. 1993)).

¶31 At trial, Officer Kowalchyk testified that after being placed in the ambulance, Simms told him that his name was Terry Weeks and he did not have any identification because he was from the sovereign state of Alaska. Officer Kowalchyk said that he did not speak to Simms again until about one-half hour later at the hospital. On cross-examination, Simms asked Officer Kowalchyk about the statements that Simms made to him at the hospital:

| [SIMMS]: | . . . Do you remember the statement that I allegedly made? |
| [KOWALCHYK]: | Yes, I do. |
| [SIMMS]: | What was that? |
| MR. GROSS: | Objection, self-serving hearsay, your honor. |
| THE COURT: | Sustained. |
| MR. SIMMS: | He testifies to the name, but he can't testify to the truth? |

THE COURT: If you have an objection, you need to address it to me.

MR. SIMMS: That's it.

¶32 Simms did not explain to the trial court how the statements Officer Kowalchyk made pretrial related to the officer's trial testimony that Simms told him that his name was Terry Weeks and that he was from the sovereign state of Alaska. On this record, the court did not abuse its discretion in sustaining the objection to the admission of hearsay testimony.

*Statement of Additional Grounds*

¶33 In his statement of additional grounds for review, Simms asserts that the court breached a contractual relationship with him by not allowing Simms to repay his legal and financial obligations by serving time in prison. Simms also contends that because he crossed out the first page of the judgment and sentence and wrote "UCC § 3-501," the judgment and sentence is void. We reject these arguments as without merit.

¶34 Simms also filed "pro se Petition to Dismiss/ Fire Counsel and Proceed in Propria Persona." The Sixth Amendment right to represent oneself at trial does not extend to an appeal. *See Myers v. Johnson*, 76 F.3d 1330, 1333-34 (5th Cir. 1996); *United States v. Gillis*, 773 F.2d 549, 559 (4th Cir. 1985). An incarcerated criminal also has no right to personally appear for or make oral arguments on appeal. *Myers*, 76 F.3d at 1333-34.

¶35 We affirm.

AGID and BECKER, JJ., concur.

Review granted at 168 Wn.2d 1011 (2010).