**Joshua G. NICOSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 32A04–0905–CR–241.**

Court of Appeals of Indiana.

Jan. 20, 2010.

Cynthia P. Helfrich, Elkhart, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Scott L. Barnhart, Deputy Attorney General of Indiana, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Today we decide an issue of first impression regarding the application of double jeopardy principles when a defendant's sentence is enhanced based on his use of a deadly weapon. Appellant-defendant Joshua G. Nicoson appeals the five-year sentence enhancement that the trial court imposed for the use of a firearm following his conviction for Criminal Confinement with a Deadly Weapon,[1] a class B felony. Specifically, Nicoson argues that the enhanced penalty constituted an impermissible "double enhancement" in violation of double jeopardy principles. Appellant's Br. p. 7. Concluding that the enhancement was proper and no double jeopardy violation occurred, we affirm the judgment of the trial court.

### FACTS

On April 8, 2008, Lauren Ezekiel sought Nicoson's help in ending her dating relationship with Jeremy Shepherd. Sometime that evening, Nicoson informed Shepherd in a telephone conversation that Ezekiel wanted to end the relationship. Following this exchange, Shepherd drove to a nearby gas station in Plainfield to meet with Nicoson and "talk about the situation." Tr. p. 68–69, 121, 141, 170.

When Shepherd and several other individuals arrived at the scene, they saw Nicoson standing in the middle of the street pointing a handgun in the air. Nicoson approached the vehicle in which Shepherd was riding and pointed the gun toward all four occupants. Thereafter, Nicoson placed the gun in the window, pointed it at the driver's head, and ordered him to park the vehicle. Nicoson then fired a "warning shot" into the air and ordered Shepherd and one of the other occupants to exit the

---

1. Ind.Code § 35–42–3–3(a)(1)(b)(2)(A).

vehicle. *Id.* at 78, 85, 145, 173. As Nicoson continued to point the gun at Shepherd and the driver, he forced both men from the vehicle and ordered them to lie on the ground. The other two occupants fled the scene and ran toward the gas station. At some point, Nicoson told Shepherd to stay away from Ezekiel. He then ordered Shepherd and the other man to leave. As the vehicle was leaving the scene, Nicoson fired two or three shots at the vehicle, shattering the rear window.

Following the incident, the State charged Nicoson with four counts of confinement with a deadly weapon as a class B felony, and four counts of pointing a firearm as a class D felony. The confinement charges alleged that Nicoson knowingly confined each victim without his consent, "said defendant being armed with a deadly weapon." Appellant's App. p. 9–12. The "pointing a firearm" charges stemmed from Nicoson's act of pointing the gun at the individuals.

The State subsequently added a count pursuant to Indiana Code section 35–50–2–11,[2] seeking a five-year enhanced penalty with regard to the confinement charge that it alleged in Count I. In particular, the State alleged that Nicoson knowingly or intentionally "use[d]" a firearm in the commission of criminal confinement as a class B felony. *Id.* at 17.

Following a bench trial that commenced on March 9, 2009, Nicoson was found guilty as charged except for the confinement counts that were alleged in counts III and IV. Thereafter, the trial court sentenced Nicoson to ten years of incarceration on each confinement conviction, and to three years on each "pointing" conviction, with all seven sentences to run concurrently. Appellant's App. p. 7, 20, 24. The trial court also ordered a five-year enhancement on the confinement with a deadly weapon charge that was alleged in Count I, for an aggregate term of fifteen years imprisonment. Nicoson now appeals.

## DISCUSSION AND DECISION

■ In addressing Nicoson's contention that the enhanced penalty was improper because it violated principles of double jeopardy, we initially observe that the Fifth Amendment to the United States Constitution provides that "[no] ... person [shall] be subject for the same offense to be twice put into jeopardy." Similarly, Article 1, Section 14 of the Indiana Constitution states that "no person shall be put in jeopardy twice for the same offense." Both Constitutions prohibit multiple punishments for the same offense. *Davis v. State,* 770 N.E.2d 319, 323 (Ind.2002). We also note that two offenses are the "same offense" in violation of Article 1, Section 14, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essen-

---

**2.** Indiana Code section 35–50–2–11 provides in relevant part that

   . . .

   (b) As used in this section, "offense" means:

   . . .

   (3) criminal confinement as a Class B felony.

   (c) The state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show

beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense.

   . . .

   (e) If the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense, the court may sentence the person to an additional fixed term of imprisonment of five (5) years.

tial elements of one challenged offense also establish the essential elements of another challenged offense. *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind.2008).

In this case, the State charged and convicted Nicoson of criminal confinement, which is defined as a "[a] person who knowingly or intentionally; confines another person without the other person's consent[.]" Ind.Code Section 35–42–3–3(a). The offense is a class B felony if it "is committed while armed with a deadly weapon." I.C. § 35–43–3–3(b)(2)(A).

Under Indiana Code Section 35–50–2–11, the Legislature provided for the enhancement of a defendant's sentence if that "person knowingly or intentionally used a firearm" in the commission of the offense. And the commission of criminal confinement as a class B felony is expressly included as a qualifying offense. *Id.* Thus, the statute provides that the judge may enhance the person's sentence to an additional fixed term of five years executed if the State proves beyond a reasonable doubt that the defendant "used" a firearm in the commission of the offense. *Id.*

In this case, it is apparent that Nicoson's conviction for confinement and subsequent enhancement for that offense rely on separate facts. More particularly, Nicoson's criminal confinement conviction was elevated to a B felony because he was "armed with" a deadly weapon—a handgun. In other words, the elevation of the offense to a higher felony occurred because of Nicoson's *possession* of a gun, not because of his *use* of the weapon. And, "under the plain language of the statute, the State is only required to prove that the defendant committed the offense of criminal confinement 'while armed with a deadly weapon.'" *Mallard v. State*, 816 N.E.2d 53, 57 (Ind.Ct.App.2004) (quoting I.C. § 35–42–3–3(b)(2)(A)).

Contrary to Nicoson's argument, there is no requirement in the confinement stat-

ute that the State must prove that a deadly weapon was "used" during the commission of the offense. *Id.* Rather, the crime is completed the moment that the defendant confines the victim while in possession of a deadly weapon. Thus, Nicoson's mere possession, alone, increased the potential for harm and warranted an enhancement of the charge to a class B felony. *See Mallard*, 816 N.E.2d at 57 (observing that "we can reasonably infer that our General Assembly considered the heightened risk to a confined victim if the perpetrator is armed with a deadly weapon when it determined that a Class B felony enhancement was warranted in such cases").

On the other hand, the enhancement provision set forth in Indiana Code Section 35–50–2–11 refers to the actual "use" of a firearm in the commission of an offense. The plain language of the statute dictates that the State must prove that a defendant actually used the weapon before it applies. Indeed, the trial court implicitly recognized the distinction between Nicoson's mere possession of the gun and his actual use of it at sentencing, when it made the following comment: "Sir, I can't get beyond the fact in this case that you uh, held a loaded 9 millimeter weapon to somebody's head as they were lying in a prone position[.]" Tr. p. 417.

In sum, the enhancement of the sentence is connected to, and punishes a defendant for, the additional escalation of danger, which is based on the actual use of the deadly weapon. Thus, the trial court sentenced Nicoson for criminal confinement as a class B felony because he was in possession of a deadly weapon, and it subsequently enhanced the sentence pursuant to Indiana Code section 35–50–2–11 in light of Nicoson's use of the gun. As a result, we reject Nicoson's argument that the sentence amounted to an impermissi-

ble double enhancement in violation of federal or state double jeopardy prohibitions.

The judgment of the trial court is affirmed.[3]

MAY, J., concurs.

DARDEN, J., dissent with opinion.

DARDEN, Judge, dissenting.

I respectfully dissent.

As noted, Nicoson was charged and convicted of confining the victims while "armed with a deadly weapon," *and* of "us[ing]" a firearm while committing the confinement. The majority concludes that the second offense/conviction merely constitutes an enhancement of the first, but I cannot agree. If that "deadly weapon" is a firearm, how could a person thereby armed not also commit the offense of confinement "us[ing]" a firearm? Accordingly, I would find that such violates the Double Jeopardy provisions of the Indiana Constitution under the *Richardson* "actual evidence test," which held "that the Double Jeopardy clause is violated if there is a 'reasonable possibility that the evidentiary facts used by the fact finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense.'" *Guyton v. State*, 771 N.E.2d 1141, 1142 (Ind.2002) (citing *Richardson v. State*, 717 N.E.2d 32 (Ind.1999)).

3.  As an aside, we note that at least two other jurisdictions have addressed this issue and found such enhancements to be proper. *See State v. Simms,* 151 Wash.App. 677, 214 P.3d 919, 926 (2009) (observing that Washington courts have repeatedly held that weapons enhancements do not violate double jeopardy prohibitions); *Williams v. State,* 364 Ark. 203, 217 S.W.3d 817, 820–21 (2005) (rejecting a defendant's statutory argument and affirming his sentence for aggravated robbery that included a while "armed" with a deadly weapon element, which was enhanced because of his "use" of a firearm).