[No. 83826-7. En Banc.]
Argued January 20, 2011. Decided April 7, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. DANIEL J. SIMMS, *Petitioner*.

*Gregory C. Link* (of *Washington Appellate Project*), for petitioner.

*Daniel T. Satterberg*, *Prosecuting Attorney*, and *Dennis J. McCurdy*, *Deputy*, for respondent.

¶1  J.M. JOHNSON, J. — Daniel Simms robbed John Jacobs at gunpoint on February 18, 2006, assaulting Ron Cogswell

and Grace Astad with his firearm in the process. The State charged Simms with one count of robbery in the first degree, two counts of assault in the second degree, and unlawful possession of a firearm in the first degree. Because Simms had used a firearm, the State also charged Simms with firearm enhancements for the robbery and assault counts.

¶2 The jury convicted Simms as charged, and Simms was sentenced on July 27, 2006. Because Simms had been convicted of assault in the second degree with a firearm enhancement in 2000, the court doubled the firearm enhancements as required by RCW 9.94A.533(3)(d), adding 22 years to his sentence.[1] We affirm Simms' conviction and sentence, including the firearm enhancements.

ADDITIONAL FACTS AND PROCEDURAL HISTORY

A. The Information

¶3 The State charged Simms by information on April 5, 2006. In count I, the State alleged that Simms was armed with a firearm when he robbed Mr. Jacobs. With respect to the firearm enhancements, the information specifically alleged:

> And I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington further do accuse the defendant DANIEL J. SIMMS AKA TERRY JAY WEEKS at said time of being armed with a handgun, a firearm as defined in RCW 9.41.010, under the authority of RCW 9.94A.510(3).

Clerk's Papers (CP) at 1.[2]

---

[1] See the hard time for armed crime act, passed by the legislature in 1995. LAWS OF 1995, ch. 129, § 21.

[2] The information cites to RCW 9.94A.510(3), which was recodified at RCW 9.94A.533(3) in 2002. LAWS OF 2002, ch. 290, § 11. The statutory language at issue in this case has remained the same since at least 2002, including the provision requiring the court to double firearm enhancements for certain offenses if the defendant has been previously sentenced for any deadly weapons enhancement. Former RCW 9.94A.533(3) (2002); RCW 9.94A.533 (LAWS OF 2009, ch. 141, § 2). "[F]irearm enhancements" are a subset of the larger category of " 'deadly weapon

¶4 The State also alleged in counts II and III that Simms was armed with a firearm when he assaulted Mr. Cogswell and Ms. Astad. The same language referenced above was alleged in the information for these charges.

¶5 In count IV, the State accused Simms of the crime of unlawful possession of a firearm in the first degree, "a crime of the same or similar character and based on the same conduct as another crime charged herein, which crimes were part of a common scheme or plan." CP at 3. The information further alleged:

> That the defendant DANIEL J. SIMMS AKA TERRY JAY WEEKS . . . *previously having been convicted in King County Superior Court, Washington of the crime of Assault in the Second Degree, a serious offense as defined in RCW 9.41.010,* knowingly did own, have in his possession, or have in his control, a handgun, a firearm as defined in RCW 9.41.010.

*Id.* (emphasis added).[3]

## B. The Trial Court

¶6 During its case-in-chief, the State introduced a certified copy of Simms' 2000 judgment and sentence for assault in the second degree while armed with a firearm. Additionally, the special verdict forms for the robbery count and the two counts of assault instructed the jury, " 'The State must prove beyond a reasonable doubt that the defendant was armed with a firearm . . . .' " *State v. Simms*, 151 Wn. App. 677, 683, 214 P.3d 919 (2009) (alteration in original). The jury found that the State met its burden on each count.

¶7 Simms was convicted as charged. With an offender score of 14, the court imposed a low-end standard sentence of 129 months for the robbery conviction, a low-end concur-

---

enhancements' " in this context. *In re Pers. Restraint of Cruze*, 169 Wn.2d 422, 431, 237 P.3d 274 (2010).

[3] Former RCW 9.41.010(1) (2001) defines "[f]irearm" as "a weapon or device from which a projectile or projectiles may be fired by an explosive such as gunpowder." Former 9.41.010(12) (2001) defines "[s]erious offense" as "any of the following felonies[, e.g.,] (a) [a]ny crime of violence . . . ."

rent sentence of 63 months for the two assault convictions, and 87 months for the unlawful possession of a firearm. The court doubled the mandatory 60 month firearm enhancement for the robbery conviction and the mandatory 36 month firearm enhancement for each of the two assault convictions as required by RCW 9.94A.533(3)(d). This resulted in a firearm enhancement of 120 months for the robbery conviction and 72 months for each of the assault convictions, for a total of 264 months, or 22 years. Simms appealed.

## C. The Court of Appeals

¶8 On appeal, Simms did not challenge his convictions— only the doubling provision of the firearm enhancement statute, RCW 9.94A.533(3)(d). The Court of Appeals affirmed,[4] concluding that the trial court's decision to double the length of confinement for the firearm enhancements under RCW 9.94A.533(3)(d) is grounded in state and federal case law. *Simms*, 151 Wn. App. at 684-89 (citing *State v. Recuenco*, 163 Wn.2d 428, 180 P.3d 1276 (2008) (*Recuenco III*); *State v. Crawford*, 159 Wn.2d 86, 147 P.3d 1288 (2006); *State v. Smith*, 150 Wn.2d 135, 141-43, 75 P.3d 934 (2003); *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)).

## D. Limited Grant of Review

¶9 We granted review on the limited issue of whether the State, in seeking a double firearm enhancement based on the prior imposition of a firearm enhancement, is required to allege in the information that the defendant has previously been sentenced to a firearm enhancement. The

---

[4] The Court of Appeals affirmed and responded to all grounds raised by Simms. *Simms*, 151 Wn. App. at 684-93. As to the limited grant of review before us, the Court of Appeals held that "[b]ecause the statutory requirement to double the length of the sentence for the firearm enhancements under RCW 9.94A.533(3)(d) was based on the undisputed prior conviction for assault with a firearm enhancement, we hold that the State did not violate the essential elements rule by failing to allege or prove the prior conviction beyond a reasonable doubt." *Id.* at 689.

State's motion to strike an issue not raised below or accepted by this court is hereby granted. The issue is beyond the proper scope of review and was not raised or briefed on appeal. RAP 13.7(b); *State v. Halstien*, 122 Wn.2d 109, 130, 857 P.2d 270 (1993).

## ANALYSIS

¶10 The crimes of robbery in the first degree and assault in the second degree fall within the mandate of RCW 9.94A.533(3)(a)-(d). RCW 9.94A.533(3) states in pertinent part:

> The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender . . . was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime . . . .
>
> . . . .
>
> (d) *If the offender is being sentenced for any firearm enhancements under (a), (b), and/or (c) of this subsection and the offender has previously been sentenced for any deadly weapon enhancements*[5] *after July 23, 1995, . . . all firearm enhancements under this subsection shall be twice the amount of the enhancement listed.*

(Emphasis added.)

A. Simms Had Notice of the Crimes Charged To Allow Him To Prepare a Defense: The Fact that Simms Has Previously Been Sentenced for a Firearm Enhancement Is Not an "Essential Element" under *Recuenco* III

■ ¶11 Simms' reliance on *Recuenco* III is legally and factually misplaced. First, with respect to the holding of

---

[5] "Firearm enhancements" are a subset of the larger category of " 'deadly weapon enhancements' " in this context. *Cruze*, 169 Wn.2d at 431; *see supra* note 2.

*Recuenco* III, the essential elements rule[6] requires a charging document to allege facts supporting every element of the offense and to identify the crime charged.[7] *Recuenco* III, 163 Wn.2d at 434 (citing *State v. Leach*, 113 Wn.2d 679, 689, 782 P.2d 552 (1989)).

¶12  " 'Elements' " are the facts that the State must prove beyond a reasonable doubt to establish that the defendant committed the charged crime.[8] *Id.* (citing *State v. Johnstone*, 96 Wn. App. 839, 844, 982 P.2d 119 (1999)). Sentencing enhancements become the "functional equivalent" of an "element" of an offense greater than the one covered by the jury's verdict when they result in an increased sentence beyond the maximum authorized statutory sentence. *Apprendi*, 530 U.S. at 494 n.19.

¶13  The firearm enhancement for Simms' 2000 assault conviction is *not* a fact supporting an element of the crimes charged in 2006 because application of RCW 9.94A.533 *does*

---

[6] The essential elements rule is based on article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution. *City of Auburn v. Brooke*, 119 Wn.2d 623, 627-28, 836 P.2d 212 (1992) (citing WASH. CONST. art. I, § 22; U.S. CONST. amend. VI). The rule's purpose is to provide defendants with notice of the crime charged and to allow defendants to prepare a defense. *State v. Campbell*, 125 Wn.2d 797, 801, 888 P.2d 1185 (1995).

[7] The elements to the crime of robbery are as follows:

A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial. Such taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

RCW 9A.56.190. Furthermore, "[a] person is guilty of robbery in the first degree if: (a) In the commission of a robbery or of immediate flight therefrom, he or she: (i) Is armed with a deadly weapon." RCW 9A.56.200(1). The elements to the crime of assault in the second degree are as follows: "A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: . . . (c) Assaults another with a deadly weapon." RCW 9A.36.021(1).

[8] Simms does not claim the State failed to prove the firearm enhancements for his 2000 assault conviction beyond a reasonable doubt. Pet. for Review at 5 n.2. The jury considered a certified copy of his 2000 judgment and sentence, which indicated that he was armed with a firearm during the commission of that crime. *Id.*

*not* result in a sentence beyond the maximum authorized statutory sentence. Application of RCW 9.94A.533 results in the *required* statutory sentence.

¶14 We reached the opposite result in *Recuenco* III because the court imposed a 36-month firearm enhancement for second degree assault instead of a 12-month deadly weapon enhancement, even though the State had alleged a "deadly weapon enhancement" and the jury did not return a special verdict concluding that Recuenco was armed with a firearm. *Recuenco* III, 163 Wn.2d at 432. In this case, the State properly charged Simms with firearm enhancements for his 2006 robbery and assault charges and the jury returned multiple special verdicts concluding that Simms was armed with a firearm during the commission of the robbery of John Jacobs and the assaults against Ron Cogswell and Grace Astad. Furthermore (although not dispositive to this case), the jury considered a certified copy of Simms' 2000 judgment and sentence, which indicated he was armed with a firearm during the commission of that crime.

¶15 In sum, Simms was on notice of the crimes charged to allow him to prepare a defense.[9] Unlike *Recuenco* III, the trial court here did not impose a sentence for a crime that was not charged. *Id.* at 442. Instead, the court imposed the statutorily required sentence for the charged crimes of robbery in the first degree and assault in the second degree under RCW 9.94A.533. The information properly alleged that firearm enhancements applied to Simms' crimes, the State introduced evidence of Simms' prior assault conviction upon which firearm enhancements were imposed, and the jury returned multiple special verdicts concluding that Simms used a firearm in the commission of the crimes.

B. United States Supreme Court Precedent

¶16 Our holding is consistent with the starting point of the law leading to our decision in *Recuenco* III and the

---

[9] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

United States Supreme Court's holding in *Blakely*. *Recuenco III*, 163 Wn.2d at 431; *Blakely*, 542 U.S. at 301. In *Blakely*, the United States Supreme Court reiterated its holding in *Apprendi*: " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). In clarifying its holding in *Apprendi*, the Court continued:

> Our precedents make clear . . . that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Id.* at 303-04 (citations omitted). In this case, the jury received and considered a certified copy of the judgment and sentence of Simms' prior second degree assault conviction that indicated a finding he was armed with a firearm in the commission of that offense. The special verdicts returned by the jury found that Simms was also armed with a firearm during the commission of the convictions at issue. There is no constitutional concern here: the judge sentenced Simms according to the jury's verdict and as required by statute. The fact of Simms' firearm enhancement does not increase the penalty for a crime beyond the prescribed statutory maximum; it requires the penalty imposed by the court.

## Conclusion

¶17 Simms had notice of the charged crimes to allow him to prepare a defense. The fact that Simms has previously

been sentenced for a firearm enhancement is not an "essential element" under *Recuenco* III. The court's application of the law did not increase the penalty for Simms' crime beyond the prescribed statutory maximum. Given Simms' prior sentence for assault in the second degree with a firearm enhancement in 2000, the court was *required* under RCW 9.94A.533(3)(d) to double the firearm enhancements for Simms' 2006 robbery and assault convictions. The decision of the Court of Appeals is affirmed.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, FAIRHURST, STEPHENS, and WIGGINS, JJ., concur.