## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 15 2015, 6:18 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

David Becsey
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ryan Browne, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 15, 2015 <br><br> Court of Appeals Case No. <br> 49A02-1506-CR-487 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Anne Flannelly, Magistrate <br><br> Trial Court Cause No. <br> 49G04-1309-FB-63150 |

**Baker, Judge.**

[1] Ryan Browne appeals his convictions of Class B Felony Burglary[1] and Class C Felony Robbery,[2] arguing that the entry of judgment on both offenses violates the prohibition against double jeopardy. Finding no double jeopardy violation, we affirm.

## Facts

[2] Ashley Collins was gifted a PlayStation Vita, but since neither she nor her three children played video games, she decided to sell it. In August 2013, she posted an advertisement on Craigslist that included photos of the item, her name, and her cell phone number.

[3] Two days later, Collins received a text from someone going by the name of "Eric" inquiring about the Vita. They agreed on a price of $200. After a phone conversation, Collins set up a meeting at a local gas station. She told "Eric," who later turned out to be Browne, what type of vehicle she drove. Collins arrived at the meeting, but Browne did not show up. She left after an hour. The two rescheduled, but again Browne did not show up.

[4] Collins scheduled another meeting for August 22, 2013, at a Dollar General store that was within view of her house. When she arrived, she got out of her

---

[1] Ind. Code § 35-43-2-1 (2013).

[2] Ind. Code § 35-42-5-1 (2013).

car to look around, the Vita sticking out of her purse, but did not see anybody who looked like a purchaser. Again, she left without meeting up with Browne.

[5] She returned to her house with her three children in the car. As her two older children went inside, Collins carried her six-month-old baby in the baby's car seat. She placed the seat and her purse on the ground. When she turned toward the street, she saw a vehicle driving from the direction of the Dollar General. The vehicle pulled up to her driveway and a man, later identified as Browne, got out. When Browne began to speak, Collins recognized the voice from their phone conversations.

[6] Browne sprinted toward Collins and her baby. She just managed to get her child in the door, but she was unable to fully close it. Browne was pushing the door open while she was pushing the other way. The two struggled for about a minute until Browne gave the door "a big shove," enabling him to get inside. Tr. 27-28.

[7] Once inside, Browne pushed Collins with both hands. She tripped over her sixth-month-old's car seat and fell to the ground. All of her children were in the room, screaming. Browne grabbed Collins's purse, took the Vita out of it, dropped the purse, called Collins a "b*tch," and raced out of the house. Tr. 29. Collins immediately called the police.

[8] On September 25, 2013, the State charged Browne with class B felony attempted burglary and class C felony robbery. The State later amended the charges to drop the former charge and to add class B felony burglary. After an

April 23, 2015, jury trial, Browne was found guilty as charged. The trial court sentenced Browne to four years for robbery and ten years for burglary, to be served concurrently. Browne now appeals.

## Discussion and Decision

[9] Browne's only argument on appeal is that his two convictions constitute double jeopardy. The Fifth Amendment to the United States Constitution provides that "[no]… person [shall] be subject for the same offense to be twice put into jeopardy." Article 1, Section 14 of our Indiana Constitution similarly provides that "no person shall be put in jeopardy twice for the same offense." For the purposes of double jeopardy analysis, two offenses qualify as the "same offense" if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Nicoson v. State*, 919 N.E.2d 1203, 1205-06 (Ind. Ct. App. 2010) (citing *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)).

[10] To obtain the robbery conviction, the State had to prove beyond a reasonable doubt that (1) Browne intentionally took property, (2) from Collins, (3) by using or threatening force, or by putting Collins in fear. Ind. Code § 35-42-5-1 (2013). To obtain the burglary conviction, the State had to prove beyond a reasonable doubt that (1) Browne broke and entered Collins's house, (2) with the intent to commit a felony inside. Ind. Code § 35-43-2-1 (2013).

[11]    We note that the question of whether simultaneous convictions for burglary and robbery violate the double jeopardy clause is not an issue of first impression. We have previously explained that "convictions for robbery and burglary do not violate the *Richardson* actual evidence test as each crime requires proof of a fact that the other does not; robbery requires proof that the defendant took property from another person and burglary requires proof that the defendant broke and entered a structure." *Smith v. State*, 872 N.E.2d 169, 176 (Ind. Ct. App. 2007). Such is the case here—the jury found that Browne broke into Collins's house, and found separately that Browne took the Vita, which was Collins's property. At the moment that Browne forced his way into the house, intending to commit theft, he had completed the burglary. The robbery took place after the burglary, when Browne actually took the Vita. Therefore, there is nothing improper with Browne being convicted of both offenses.

[12]    A double jeopardy violation *can* occur if a single fact—for example, one bodily injury—is used by the State to enhance more than one offense; in such a case, the appropriate remedy is to strike one of the twice-used enhancers and thereby reduce the level of one of the offenses. *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002). But such is not the case here—class C robbery does not involve any enhancers, Ind. Code § 35-42-5-1 (2013); and while class B burglary does require an enhancer, Browne's burglary was enhanced by the fact that it took place at Collins's dwelling, Ind. Code § 35-43-2-1(1)(B)(i) (2013). The fact that the offense took place in a dwelling has no bearing on the elements of robbery.

[13] Browne's central argument is that the jury could have understood the "force" that he used to break into the dwelling to be the same "force" used to establish the robbery. In other words, he believes that if the same push both opened the front door and knocked Collins to the ground, one of his convictions should be vacated.

[14] This is an incorrect understanding of the actual evidence test. There is no violation of that test "when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002). Even if the push that effectuated the breaking-in element of burglary was the same push used to prove the use-of-force element of robbery, the latter offense has the additional element of the actual taking of property. A partial overlap in evidence is not a violation of the actual evidence test.[3]

[15] In sum, since robbery and burglary require both different elements and different evidence, and since there was not a single fact giving rise to multiple enhancements, there was no double jeopardy violation.

[16] The judgment of the trial court is affirmed.


Bradford, J., and Pyle, J., concur.

---

[3] In any event, Collins testified at trial that there were *two* pushes—Browne used "a big shove," to get in the house, and then pushed Collins with both of his palms moving away from his body. Tr. 27-28. Therefore, even if Browne's underlying argument had merit, he would not succeed.