# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>DAVID DARRELL SYKES,<br><br>Appellant. | No. 84027-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Because we conclude David Sykes's criminal conviction was affected by ineffective assistance of counsel, we reverse and remand.[1]

I

Evidence showed that on March 26, 2021, Sykes and another individual later identified as Richard Moore physically fought one another on a bus, and Moore was stabbed. After the stabbing, Sykes exited the bus. A sheriff's deputy located Sykes, who indicated, "Yeah, I did it," asserting Moore had robbed him. Three days earlier, Sykes had reported to police that two assailants had attempted to rob him. A deputy testified Sykes asserted Moore had been one of the assailants, and that he stabbed Moore in self-defense.

---

[1] On June 26, 2023, Sykes filed a pro se motion seeking dismissal of the charges against him with prejudice. He does not provide a justification for this relief, and we deny his motion.

On July 28, 2023, Sykes filed a pro se motion seeking reversal of his conviction. In light of our disposition, we deem this motion moot.

To support his self-defense claim, Sykes introduced exhibit 17, a partially redacted medical chart note from March 23, 2021. According to the chart note, Sykes reported he had been assailed by two men attempting to rob him. The exhibit included a medication list, among other medical data. During deliberations, the jury submitted a question asking in part, "Can we consider # 17 Sykes medication list? There seems to be antipsychotic meds." Defense counsel initially was uncertain which listed medication was being referenced, but it later became evident the jury was referring to the drug olanzapine. Based on concern healthcare professionals seated on the jury were applying specialized expertise not admitted in evidence, the trial court instructed the jury:

> You may consider Exhibit #17 in its entirety. However, your deliberations must be based on the evidence in the case and the law given to you by the court. The evidence that you are to consider during your deliberations consists of the testimony that you have heard from witnesses, stipulations, and the exhibits that I have admitted during the trial. You are not permitted to apply highly specialized knowledge during your deliberations that you may have gained as a result of professional or personal experience.

The jury returned a guilty verdict.

In a posttrial motion for a mistrial, Sykes's counsel offered several statements attributed to jurors to attempt to show jury misconduct affecting the verdict. A court may consider affidavits of jurors only to the extent they do not attest to matters that inhere in the verdict. Richards v. Overlake Hosp. Med. Ctr., 59 Wn. App. 266, 272, 796 P.2d 737 (1990). Jurors' statements inhere in the verdict if the facts alleged are linked to the juror's motive, intent, or belief, or describe their effect on the juror. Gardner v. Malone, 60 Wn.2d 836, 841, 376 P.2d

651, 379 P.2d 918 (1962). The proffered juror statements in this case inhered in the verdict except to the extent they established the extrinsic fact that olanzapine is an antipsychotic medication. In addition, in denying the motion, the trial court concluded that knowledge that olanzapine is an antipsychotic is not specialized knowledge. The State maintains the trial court did not abuse its discretion in so concluding.

Sykes asserts his counsel's neglect to redact the medication list was ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that counsel performed deficiently and that the deficient performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Review is de novo. State v. Wafford, 199 Wn. App. 32, 41, 397 P.3d 926 (2017). Counsel's performance is deficient if counsel erred so seriously that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. State v. Grier, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). We presume effective representation and require the defendant to show the absence of legitimate strategic or tactical reasons for the challenged conduct. State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995). Counsel's performance is evaluated based on the entire record. Id. at 335. To show prejudice, the defendant must show counsel's deficient performance deprived the defendant of a fair trial, a trial whose result is reliable. Grier, 171 Wn.2d at 32-33. This showing is made when there is a reasonable probability that,

3

but for counsel's errors, the result of the trial would have been different. State v. Thomas, 109 Wn.2d 222, 226, 743 P.2d 816 (1987).

Circumstances converge to make the failure to redact the medication list prejudicial deficient performance in this case. First, three healthcare professionals had disclosed their expertise during jury selection and had been empaneled on the jury: a hospital social worker, a behavioral health nurse, and a physician. Second, Sheriff's Deputy Austin Peterson transported Sykes to the police station in his patrol car. Peterson testified Sykes's demeanor was "unstable" with mood fluctuations "from real highs to real lows" and "almost like a manic laughter to angry yelling." Peterson testified Sykes said, " 'I'm God. I don't play that shit. I don't give a fuck if you like me or not.' " Third, this was Sykes's third trial. The first two had ended in mistrials due to jury deadlock, and the State offered Peterson's patrol car statements only at the third trial. This history is suggestive the patrol car statements were significant to the outcome. In re Det. of Post, 170 Wn.2d 302, 315, 241 P.3d 1234 (2010) (conviction after new evidence in second trial). Fourth, Sykes's defense turned on the jury concluding the State had not disproved that at the time of the assault Sykes "reasonably believ[ed]" he was about to be injured and was "preventing or attempting to prevent an offense" against him.

Offering evidence without redacting its indication that Sykes received antipsychotic medication was deficient performance under these circumstances. Together with Peterson's statements that Sykes identified himself as God, the

4

reference to the medication suggested Sykes was suffering from a mental health episode at the time of the assault. And together with the defense depending on Sykes's rational use of lawful force, the first two trials ending in deadlock in the absence of Peterson's statements, and the jury's evident focus on the medication list, we are satisfied the trial was prejudicially affected by the failure to redact the medication list. The State does not contend the failure to redact the medication list was a reasonable strategy or tactic, and exhibit 17 was already partially redacted without objection. No party asserts and we do not hold the instruction given during deliberations was error, but it maintained exhibit 17 within the jury's consideration. Relevant to ineffective assistance of counsel, it therefore did not alleviate the prejudice from defense counsel's failure to redact the medication list. Sykes has demonstrated ineffective assistance of counsel.

II

Because the issue is likely to arise in the event of retrial, we address Sykes's contention that the trial court erred by sustaining the State's hearsay objection to certain of Sykes's statements he offered. After Peterson testified to Sykes's unstable demeanor and statement identifying himself as God described above, Sykes sought to elicit on cross-examination statements noted in Peterson's report that Sykes claimed he had been robbed. The court sustained the State's hearsay objection.

Under ER 106, a party may supplement portions of a writing or recorded statement offered by an adverse party with other relevant portions as fairness

requires. State v. Simms, 151 Wn. App. 677, 692, 214 P.3d 919 (2009). When an adverse party has opened the door to a subject at trial, the court may "admit evidence on a topic that would normally be excluded for reasons of policy or undue prejudice when raised by the party who would ordinarily benefit from exclusion." State v. Rushworth, 12 Wn. App. 2d 466, 473, 458 P.3d 1192 (2020). The trial court ruled that neither principle allowed Sykes to introduce his other statements to Peterson based on the statements the State elicited. We review this ruling for abuse of discretion and find none here. State v. Darden, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002) (admissibility rulings reviewed for abuse of discretion).

It was tenable for the trial court to conclude the additional statements Sykes sought to offer were not necessary to explain, place in context, or correct a misimpression or unfair implication caused by the statements the State elicited from Peterson. Other law enforcement witnesses who had testified earlier had already related Sykes's agitation over his having been robbed and then having encountered, he said, the same assailant. Sykes later called a police officer to whom he had reported the attempted robbery three days before. The statements Sykes wished to offer from Peterson were additional to the statements the State elicited, but not explanatory, and would have been cumulative of other evidence robustly represented in the record. Because we affirm the trial court's ruling that neither ER 106 nor the opening-the-door principle justified admitting the additional statements, we need not reach the question disputed by the parties, whether ER 106 applies to Peterson's testimony relating Sykes's statements.

6

We do not reach Sykes's remaining claims of error.

Reversed and remanded.

_Birk, J._

WE CONCUR:

_Coburn, J._  _Smith, C.J._