# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON,

Respondent,

v.

IRA DAVID DECHANT,

Appellant.

No. 82103-2-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Dechant was convicted of solicitation to commit murder, conspiracy to commit murder, attempted murder, unlawful possession of a firearm, and possession of a controlled substance. His conspiracy and attempt convictions included firearms enhancements. In a prior appeal, this court rejected his argument that the three convictions related to murder violated principles of double jeopardy. He subsequently filed a personal restraint petition that we granted solely for recalculation of his offender score and resentencing. He now appeals from the resentencing, claiming that the firearm enhancements on his convictions for conspiracy to commit murder and attempted murder violate double jeopardy. He also asks that we vacate the conviction for possession of a controlled substance. Resentencing to correct the offender score did not create a right to appeal the judgment and sentence on double jeopardy grounds. We vacate the conviction for possession of a controlled substance and remand for resentencing based on the changed offender score.

FACTS

Ira Dechant was arrested on January 7, 2013 on an outstanding warrant after being turned in by a confidential informant, Louis Didomenici. State v. Dechant, No. 72055-4-I, slip op. at 2, 5 (Wash. Ct. App. March 14, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/720554.pdf. Based on evidence found during this arrest, the State charged Dechant with unlawful possession of a firearm in the second degree and possession of heroin. Id. at 5. In jail, Dechant met Michael Rogers, and asked him to kill Didomenici. Id. at 3. Rogers showed interest in the plan at first, but ultimately reported it to jail staff. Id. at 4. Working with a detective, Rogers recorded a conversation where Dechant told him that a man named Charles Scheulke could provide him with a gun outside the jail. Id. at 4. Scheulke visited Dechant in jail, and Dechant told him to provide Rogers with "anything that he needs." Id. at 5.

On January 29, 2013, Rogers was released from jail into the custody of an investigating detective. Id. Rogers met up with Scheulke, and gave police a signal that Scheulke gave Rogers a firearm. Id. Because of this, the State charged Dechant with solicitation to commit murder in the first degree, conspiracy to commit murder in the first degree, and attempted murder in the first degree. Id. The jury found Dechant guilty of all three crimes. Id. at 6. The conspiracy to commit murder and attempted murder convictions also both included a firearm enhancement. Dechant waived his right to a jury on the firearm and drug charges and the trial court found Dechant guilty as charged. Id. Dechant has previous felony convictions of bank robbery, burglary in the second degree, and possession of a

stolen vehicle. These convictions were factored into his offender score. The bank robbery conviction specifically raised his offender score by two points. Dechant received a 420 month sentence.

Dechant appealed to this court challenging three of his convictions—conspiracy to commit murder in the first degree, solicitation to commit murder in the first degree, and attempted murder in the first degree—on double jeopardy grounds. Id. at 8. We affirmed the convictions. Id. at 1, 13.

Dechant filed a personal restraint petition (PRP) that was decided in 2019. In re Pers. Restraint of Dechant, No. 77541-3-I, slip op. at 12 (Wash. Ct. App. Oct. 14, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/775413.pdf. In the PRP, Dechant argued that his counsel in his first appeal provided ineffective assistance. Id. He alleged that appellate counsel failed to argue issues related to the Washington privacy act, chapter 9.73 RCW, and his offender score. Id. at 14, 21. We found that counsel provided ineffective assistance related to Dechant's offender score and remanded for resentencing. Id. at 23.

At resentencing, the court reduced the offender score of Dechant's previous bank robbery conviction from two points to one point. Because of this lower offender score, the court imposed a standard range sentence of 400 months. He appeals his resentencing.

DISCUSSION

I.   RAP 2.5(c)(2)

Dechant argues that his convictions of conspiracy to commit murder and attempted murder violate double jeopardy and that he can raise this issue following

3

his resentencing. He argues this claim can be heard again on appeal because there has been an intervening change in the law, that not hearing it would result in a manifest injustice, and that he can appeal following a resentencing. The State argues that this claim was already raised and rejected in Dechant's original appeal which precludes him from raising it again.

Generally, a defendant is prohibited from raising issues in a second appeal that were or could have been raised in the first appeal. See State v. Sauve, 100 Wn.2d 84, 87, 666 P.2d 894 (1983). However, some exceptions exist. Under RAP 2.5(c)(2), we can review an earlier decision of the appellate court "where justice would best be served, [and] decide the case on the basis of the appellate court's opinion of the law at the time of the later review." Courts have interpreted this rule to allow a repeat appellate review on certain grounds. Roberson v. Perez, 156 Wn.2d 33, 42-43, 123 P.3d 844 (2005). The appellate court can revisit a previously decided case if there has been an intervening change in the law. State v. Schwab, 163 Wn.2d 664, 672-73, 185 P.3d 1151 (2008). The appellate court can also rehear a case if the prior decision is clearly erroneous and the erroneous decision causes a manifest injustice. State v. Gregory, 192 Wn.2d 1, 29-30, 427 P.3d 621 (2018).

## A. Change in Precedent

If there has been a change in precedent, appellate courts have discretion to rehear a case. Roberson, 156 Wn.2d at 42. Dechant alleges that this court should review the double jeopardy claim again because State v. Allen changed the precedent. 192 Wn.2d 526, 528-29, 431 P.3d 117 (2018). He argues that Allen

4

holds "that aggravating circumstances or special allegations are 'elements' of an offense for purposes of a double jeopardy analysis." He argues that this court did not consider the firearm aggravators as elements in analyzing whether his convictions for conspiracy to commit murder and attempted murder constitute double jeopardy. If we had, he argues, we would have found that Dechant's firearm enhancements created the same substantial step needed for both crimes.

However, Dechant mischaracterizes Allen. Rather than establishing that aggravators are elements of the crime, Allen held that if a jury acquits a defendant of an aggravator, double jeopardy bars retrying the aggravator. Id. at 544. Allen does not provide an avenue to raise the double jeopardy issue again here.

B. Manifest Injustice

An appellate court can reconsider a prior decision in the same case if the decision was clearly erroneous and the erroneous decision caused a manifest injustice. Gregory, 192 Wn.2d at 29-30. Dechant urges this court to revisit the merits of his double jeopardy claim because failure to do so would result in a manifest injustice. Dechant alleges that having to serve an additional five years due to a duplicative firearm enhancement is an injustice. He also argues that we should allow for special treatment due to the constitutional nature of the issue.

In the previous appeal, we agreed with the State that "the crimes at issue include different legal elements and each requires proof of a fact that the others do not." Dechant, No. 72055-4-I, slip op. at 11. Dechant does not argue that the court's prior decision stating that attempted murder and conspiracy to commit murder having different elements is clearly erroneous. Instead, Dechant argues

that having firearm enhancements, on both the attempt and the conspiracy convictions, is double jeopardy causing a manifest injustice. However, having firearm enhancements on different crimes is not an injustice. "Washington courts have repeatedly rejected arguments that weapon enhancements violate double jeopardy." State v. Huested, 118 Wn. App. 92, 95, 74 P.3d 672 (2003). Therefore, if Dechant had made this argument on his prior appeal, the outcome would not have changed.[1] Because the decision in the first appeal was not an erroneous decision, there is no manifest injustice warranting relief under RAP 2.5(c).

Next, raising constitutional issues does not create the opportunity for unlimited appeals. See State v. Mandanas, 163 Wn. App. 711-12, 717, 262 P.3d 522 (2011). "Even though an appeal raises issues of constitutional import, at some point the appellate process must stop." Sauve, 100 Wn.2d at 87. Constitutional or not, an issue that could have been raised in the first appeal cannot be raised in a second appeal. Id. The double jeopardy issue was raised and Dechant's firearm enhancements argument could have been raised in the first appeal. The argument cannot be raised for the first time here. Dechant fails to show the decision in the first appeal was erroneous and a manifest injustice.

---

[1] While Dechant did not directly allege ineffective assistance of counsel for failure to make this argument at the first appeal, he clearly implies it occurred. He alleges that his counsel for his first appeal resigned due to unethical behavior, and that "[t]he result of this deficient representation was that this Court reached the wrong result." But, the ethics charges did not relate to his appellate representation of Dechant. And, it was not defective performance to fail to advance the firearm enhancement argument in the first appeal given the case law on that issue. See Huested, 118 Wn. App. at 95.

II.    Resentencing

Dechant argues that State v. Toney shows that a resentencing can be appealed. 149 Wn. App. 787, 792-93, 205 P.3d 944 (2009). Toney holds that resentencing issues can come up on appeal only if the appellate court vacates the original sentence or remands for an entirely new sentencing proceeding. Id. at 792. Additionally, a sentence imposed in the standard range is generally not appealable. State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003) (citing RCW 9.94A.585(1)).

Here, Dechant's resentencing was focused on lowering the offender score for a past crime committed years before the attempted murder and conspiracy to commit murder convictions for which he is now arguing double jeopardy violations for the firearm enhancements. Dechant, No. 77541-3-I, slip op. at 23. This court concluded that the "appellate attorney provided ineffective assistance of counsel by not challenging the calculation of his offender score, we grant the PRP on this ground and remand for resentencing." Id. We did not vacate the original sentence, or remand for an entirely new sentencing proceeding, as was the case in Toney. See id. When Dechant asked the court to consider the double jeopardy argument relative to the two firearm enhancements at his resentencing, the judge responded, "Nobody brought up that issue at the Court of Appeals. The offender score was the issue at the Court of Appeals." The trial court did not address the merits of the argument. Instead, the trial court amended Dechant's offender score, following the Court of Appeals' instructions, and imposed a standard range sentence. Because the only changes the sentencing court made were a change to the

offender score and a new sentence within the standard range, this resentencing cannot be appealed.

III.    Possession of a Controlled Substance

In contrast to Dechant's double jeopardy argument, his challenge to his conviction of one count of unlawful possession of a controlled substance under RCW 69.50.4013 is supported by a change in law and should be reversed.  The State properly concedes, that State v. Blake requires this result.  197 Wn.2d 170, 481 P.3d 521 (2021).

We vacate the conviction for possession of a controlled substance and remand for resentencing based on the changed offender score.

_Appelwick, J._

WE CONCUR:

_Chun, J._          _Verellen, J._